THOMAS N. POULLAIN, SR, plaintiff in error, *vs.* JOSEPH H. ENGLISH, sheriff, *et al.*, defendants in error.

Where the complainant, Poullain, filed a bill, alleging substantially that one Strain, then deceased, and himself, were the only solvent sureties on the bond of Seabrook, as administrator with the will annexed, of George O. Dawson, deceased; that said administrator had committed a *devastavit*, and that complainant was threatened with a suit by certain legatees of Dawson to answer for the *devastavit;* and that Brown had administered upon the estate of Strain, his only solvent co-security; and that Strain's heirs-at-law, many of them non-residents of Georgia, had recovered a personal judgment against Brown, Strain's administrator, for a *devastavit* he (Brown) had committed on Strain's estate; and that the same was levied upon all of Brown's real estate; and that this judgment against Brown constituted all the assets left of Strain's estate; and that complainant would have to make good Seabrook's *devastavit* alone, unless these remaining assets could be saved so as to make Strain's estate contribute, and that Brown's lands would be sacrificed if sold at this time; and where the prayer was for an injunction to restrain the sheriff and the heirs of Strain from selling Brown's lands:

Poullain *vs.* English *et al.*

*Held*, that this court will not control the discretion of the chancellor in refusing to grant an injunction to restrain the sheriff *from selling the lands and collecting the amount of the judgment.*

Administrators and executors. Equity. Injunction. Before Judge BARTLETT. Greene county. At Chambers. September 21, 1876.

Reported in the opinion.

AUGUSTUS REESE; M. W. LEWIS, for plaintiff in error.

COLUMBUS HEARD; H. T. LEWIS, for defendants.

JACKSON, Judge.

Poullain and Strain were the only solvent securities on the bond of Seabrook, who administered, with the will annexed, on the estate of George O. Dawson. Seabrook wasted Dawson's estate. His legatees *threatened* to sue Poullain. Strain, his co-security, was dead, and Brown had administered his estate, wasted it, and Strain's heirs had recovered some $5,000 against Brown, personally, and. levied upon all of Brown's lands. Some of these heirs of Strain lived out of this state. Poullain filed a bill alleging the foregoing facts ; and also that Brown's lands would not sell for their value if sold at the present time, and that this judgment against Brown was all that was left of the assets of Strain's estate; and that Strain's estate ought to contribute to the loss he, Poullain, anticipated from the suit of Dawson's legatees, on the joint bond of Strain and himself, and unless he, Poullain, could secure these assets, he was remediless to make his co-security contribute. He therefore prayed an injunction restraining the sheriff and Strain's heirs from selling Brown's lands. The injunction was refused, and Poullain excepted.

Unless a court of equity ought to intervene to prevent the lands of Brown from being sold in hard times when they would not bring full value, at the suit of one interested like Poullain is, we cannot see any equitable reason for interfering

with the judgment of the chancellor. Hard times constitute no ground for equitable interference to stop a judgment at law from making the money recovered, out of a defendant's lands at the suit of anybody, so far as we know or have heard. Indeed, it is not alleged that the lands will not bring the judgment, or that Brown is insolvent; but if it were, a court of equity would not stop the sale of the lands under a judgment at law for such a reason. Nor should it arrest the sale of the lands by the sheriff at the prayer of Poullain under the state of facts alleged. It seems to us to be the interest of Poullain as well as that of the heirs of Strain, to have the money realized on the judgment, and in the hands of this officer of the court. If there be any equity in the facts of his case, to restrain the heirs of Strain from taking the money out of the state without giving bond to have it forthcoming to contribute to the defense of the *threatened suit* by Dawson's legatees against Poullain, or rather to the recovery that they *might* make from Poullain by the *threatened suit,* then this equity could be asserted after the fund is in the hands of the sheriff. We do not decide that there is such equity, or that there is not. It would depend much upon the nature of the threats, the ground of the apprehension, and the distinctness of all the allegations; and even then it might be very doubtful whether, before suit, and on mere apprehension of it, though pretty well grounded, a court of equity would restrain the heirs of Strain from collecting and using money that they had recovered by judgment at law on a *devastavit* against the administrator. It would at least require bond to indemnify them, and put complainant upon such terms that the heirs of Strain should not be hurt. However all this may be, and we make no ruling on the subject now, we are satisfied that the chancellor did not abuse his discretion in refusing to stop the *sheriff from making the money on this judgment,* and we affirm, on this ground and in this view, his judgment thereon.

Judgment affirmed.