63  365
104  692

## WINN *et al. vs.* HENDERSON.

1. Sale of property covered by a mechanic's lien executed by the owners and lessors of said property, and foreclosed, should not be enjoined at the instance of a creditor of the lessee of the property who holds a younger mechanic's lien on the interest of the lessee for the completion of work which the lessee had bargained with the lessors to have completed—especially where the holder of the junior lien had notice of the older lien.

2. If there were doubt as to the priority of liens, the property should be sold and the contest be made over the proceeds of sale; and the mere allegation that from the condition of the times the property would not bring its full value is no equitable ground for injunction.

3. If both liens were on the whole property under contract with the owners thereof, the older would be the better lien, and unless attacked as invalid for some legal or equitable reason, the sale under the older lien should not be enjoined at the instance of the junior creditor.

Liens. Levy and sale. Equity. Injunction. Before Judge Hillyer. Cobb County. At Chambers. October 20th, 1879.

Henderson, as surviving partner of Henderson & Dyson, filed his bill against Winn *et al.*, alleging, in brief, as follows:

In 1873 D. Irwin, styling himself "P. B. M. F. C.," made a note to W. F. McElfresh for $1305.00 "for roofing the college building." In 1874 suit in the statutory form was brought on this note against the trustees of the Marietta Female College (a corporate body); service was acknowledged by Irwin, signing himself "Pres. M. F. C.," and judgment by default was rendered. Execution issued and in 1879 was assigned by McElfresh to defendants, Winn and Winters, it being claimed that a balance was then due on the *fi. fa.* This has been levied on the lot of the Marietta Female College, and the transferees are proceeding to bring the same to sale. It is charged that Irwin had no authority to make the note or acknowledge service. In 1874 (prior to the judgment) Branham, president of the college and duly authorized agent of the trustees, contracted with complainants for certain necessary work and materials to be used about the college building. Complainant was loth to perform such work and only did so under assurances from the trustees that the McElfresh matter should be cleared up, so as not to cast any cloud or doubt upon his getting his money. Defendants also interested themselves in the matter and made like assurances. Thereupon complainant and his partner performed the work, and recorded.

a lien upon the property. In 1875 they proceeded against Branham to foreclose their lien, obtained judgment and levied on the property, which was claimed by Irwin as agent of the college. This claim is still pending. Complainant afterwards began proceedings against the trustees on an account and to foreclose the lien as against them; this is also still pending. Discovery was waived. The object of the bill was to enjoin the sale under the *fi. fa.*, and to establish the precedence of complainant's lien.

Defendants answered. The principal points of their answer were as follows: They deny that Irwin was without authority to contract or acknowledge service for the college; on the contrary they allege full authority and ratification of his acts. They state that the trustees desired to build up a college; and for that purpose they agreed to give Branham the presidency of the institution for life, with power to appoint his successor, if he would complete and equip the building at his own private expense, and maintain a first class female school there; that he has failed to comply with his contract, and has returned the property to the trustees; that his contract with complainant and his deceased partner was in his individual capacity, he not being an agent of the trustees; and that complainant's firm had notice of these facts, and never claimed that the debt was due by the trustees until the interposition of the claim stated in the bill. Defendants deny that they ever induced or sought to induce complainant to make the contract with Branham. They say they were *bona fide* purchasers for value of the McElfresh *fi. fa.*, and that the debt was for material furnished and work done before the property was turned over to Branham. That the house has burned down and only the lot is left.

On the hearing the bill and answers were read. Also an affidavit from D. Irwin asserting his authority to do the acts done by him; and one by Winn, stating an effort by complainant to purchase the *fi. fa.* from him.

The chancellor granted the injunction and defendants excepted.

RICHARD & W. J. WINN, by A. C. KING, for plaintiffs in error.

No appearance for defendant.

JACKSON, Justice:

1. There are many reasons why this injunction should not have been granted. There is no doubt that a valid mechanic's lien was about to sell property covered by it; and that complainant sought to enjoin the sale as the holder of a younger lien on the interest of a lessee in the property, who bargained with the lessors to have certain work finished, with notice, too, in the junior creditor, of the prior lien made by the lessors. To state this fact is enough, in our view of it, to adjudicate the case. It would be strange if the sale ought to stop, when the senior lien is valid and regularly foreclosed, and when the junior had no lien except on the interest of the lessee of the property, and when that interest had terminated.

2. But suppose it were doubtful which lien ought to be preferred, both would be transferred to the fund raised from the sale, and each would take out of the fund what each ought to have. To reply to this, no allegation is made or arises from the pleadings or affidavit, except that from the condition of the times the property would not sell for its full value. That is no reason why it should not be sold for what it will bring to pay a debt justly due, reduced to judgment and proceeding under final process.

3. Some point is made that the trustees, who hold the fee and made the first lien, assented indirectly, at least, to the second made by their lessee. This is overwhelmingly denied by answer and affidavit; but if true it could make no difference. It would make the case then of a younger lien trying to stop an older one from making its money without showing that it was invalid for any reason, legal or equitable, and there should be no interference with the regular process of the courts of law in such a case.

Besides, the facts of the case show a preponderance of testimony for defendants where disputed at all, and enough of them are without any conflict to settle the case on purely equitable grounds in their favor.

Judgment reversed.