LIPSCOMB *et al.*, *Appellants*, v. NEW YORK LIFE INSURANCE COMPANY.

Division One, March 9, 1897.

1. **Deed of Trust:** SALE: POWERS OF TRUSTEE. A deed of trust recited that the trustee "may sell and convey said property under the power aforesaid, though he has been, may now be, or may hereafter be, attorney or agent of said third party." *Held,* that this agreement was binding on the grantors and the purchasers of their equity in the property, and that a notice by such purchasers to the trustee and the *cestui que trust* objecting to such trustee could not override or interfere with this agreement.

2. **Trustee's Sale:** SUIT TO SET ASIDE: LACK OF FRAUD. Where a sale under a deed of trust is made in strict compliance with its terms, without any semblance of fraud or unfair dealing, the courts of equity will not set it aside because of hard times or the misfortunes of the plaintiff.

3. **Equity:** MISFORTUNES DUE TO HARD TIMES. The sympathy of an equity court, however strongly it may be enlisted for the unfortunate victim of hard times, can not furnish a basis for equity jurisdiction. Such courts ought not to be made the instrument of speculation in the future values of property even for the benefit of the unfortunate.

4. **Trustee's Sale:** OFFER TO REDEEM. In a suit to set aside a trustee's sale, the plaintiffs must offer to redeem.

*Appeal from Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* and *Lipscomb & Rust*
for appellants.

(1)   The record shows that the principal note was
not due, and only one interest note of $600 was past
due.   The record also shows that the sale was made
October 20, 1893, during the money panic, and that
money could not be had at any price.   The record
shows that Mr. Clarke paid $45,000.   It cost Mrs.
Hickman over $50,000, and at sale it was worth at
least $35,000.   We think the price, $21,000, bid for it,
under all circumstances, is grossly inadequate and the
sale should not be permitted to stand by a court of
equity.   The sale, while pretending to be public, was
private.   The trustee's action against objection of
owner of equity amounts to unfairness.   *Stoffel v.
Schroeder*, 62 Mo. 147; *Vail v. Jacobs*, 62 Mo. 130;
*Meyer v. Jefferson Ins. Co.*, 5 Mo. App. 245; *Benken-
dorf v. Vincenz*, 52 Mo. 441.   (2) The sale was not
conducted according to law nor for the benefit of the
holder of the equity, but solely in the interest of the
New York Life Insurance Company, a New York cor-
poration, through its attorneys, Austin & Austin, a
firm of brothers, James H. Austin and A. A. Austin.
The record shows that the firm of Austin & Austin, as
attorneys, were the only persons present at the sale,
except J. H. Lipscomb and Mr. Tilhof, who were
present only as witnesses to the sacrifice of the
woman's property.   What was the duty of the attor-
ney and trustee at the sale when not a bidder was
present but his brother, who with him represented only·

the New York corporation. Clearly in the interest of all parties, under all circumstances, he should have adjourned the sale. *McMichael v. McDermott*, 17 Pa. St. 353; *Strong v. Catron*, 1 Wis. 471; *McDonald v. Neilson*, 2 Cow. (N. Y.) 139; 2 Jones on Mortgages, sec. 1634; *Young v. Smith*, 23 Tex. 598. (3) Mrs. Hickman took the title to the property subject to the deed of trust. She did not assume and agree to pay. The trustee, James H. Austin, by terms of contract, is agent of both parties to the deed. While it might not have been permitted to Nettleton to revoke that agency, yet when it appeared to J. H. Lipscomb that the firm of Austin & Austin were the only representatives of the New York Life Insurance Company, in full charge of the sale, and James H. Austin, trustee, it was perfectly proper for J. H. Lipscomb to revoke the agency by giving the notices shown by the record and James H. Austin should have let the sheriff sell. A literal compliance with deed is not sufficient. Mr. Austin's loyalty to his client and his duties as trustee under the circumstances made his conduct an unfair sale. *Cassady v. Wallace*, 102 Mo. 575; *Stewart v. Brown*, 112 Mo. 171. (4) The power of sale given in the deed is a creature of contract and not law. The deed provides that upon default a public sale shall be had, a sale "at public vendue to the highest bidder." This language precludes a sale by a firm of attorneys, brothers, for a foreign corporation which lends and collects through them thousands of dollars yearly, one acting as attorney and trustee at the same time the other member of the firm acting as bidder. The highest bidder presupposes other bidders. There can be no highest bidder unless there is a lower bidder. There can be no public vendue with but one corporation present by its attorneys. The contract has not been complied with. The sale ought to have been

adjourned. *Cassady v. Wallace*, 102 Mo. 575; *Stewart v. Brown*, 112 Mo. 171. (5) There was a great sacrifice of this property. We had a right under the circumstances to revoke the agency of James H. Austin when we learned that he was acting solely in the interest of his corporation client. We had a right to a public sale which we did not have. The object of an advertisement of sale is to draw a public crowd and attention to sale. If from panic, hard times, or other considerations no public sale can be had, the trustee and attorneys can not pretend a public sale and sell privately, which was done in this case and contrary to the deed of trust, law, justice and equity. *McKee v. Spiro*, 107 Mo. 452; *Long v. Long*, 79 Mo. 644.

*Austin & Austin* for respondents.

(1) Mr. Lipscomb, and the parties represented by him, knew when he bought the property that James H. Austin was trustee in the deed of trust then upon the property, and that he was one of the attorneys for the New York Life Insurance Company, and that the makers of the trust deed consented that he should act as trustee notwithstanding that fact. Said Lipscomb was bound by the covenants of the said trust deed to the same extent as Mrs. Nettleton and husband who made the same. *Sternberg w. Valentine*, 6 Mo. App. 176, 177, 178; *Cloud v. Kansas Loan & Trust Co.*, 52 Mo. App. 318–322. (2) The fact that a trustee is attorney, officer or agent of the creditor does not disqualify him to act as trustee. *Cloud v. Kansas Loan & Trust Co.*, supra; *Ohnsorg v. Turner*, 13 Mo. App. 533–549; *Cassady v. Wallace*, 102 Mo. 575–580; *Ellis v. Railroad*, 107 Mass. 1–13; Lewin on Trusts [5 Ed.] 459. (3) The rule is well settled in this state that mere inadequacy of price is not sufficient to set aside a

sale under deed of trust, unless so gross as to raise the inference of fraud or imposition. *Harlin v. Nation*, 126 Mo. 97–102; *Hardwick v. Hamilton*, 121 Mo. 465. (4) The cases cited by appellant are all cases in which the trustee is held to have acted unfairly, making the sale at an unusual hour, accepting a bid for a smaller amount than he knew the mortgagee would bid thereon, or colluding with some party to the injury of the debtor. These cases have no application to the facts in this case. The trustee treated the debtor with the utmost fairness, postponing the sale at different times and delaying the sale upon the day of sale at his request, and seeing that the bid for the property, even where there were no competing bidders, brought a price representing the full value of the property.

BRACE, J.—On the fourth day of June, 1889, James C. Nettleton and Virginia P., his wife, borrowed of the defendant the sum of $20,000, for which they executed their promissory notes of that date as follows, viz.: One principal note for $20,000, payable to the said insurance company five years after date, and ten semiannual interest notes payable to said company, successively in six, twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four and sixty months after date, all of said notes payable with interest thereon at the rate of six per cent per annum after maturity, at the office of said insurance company in the city of New York; and on the same day duly executed their deed of trust, conveying to James H. Austin lot 18, in block 20, in Asburne's addition to the city of Kansas, fronting twenty-five feet on Baltimore avenue and running back one hundred and forty-two feet, to secure the payment of said promissory notes and interest, with power of sale in case of default in the payment of said notes or either of them according to

their tenor and effect when the same became due and payable, or in case of default in the payment of all taxes, assessments or public rates levied upon said premises, and in case of default the whole amount of the indebtedness was to become due and payable at once, without notice. This deed of trust, in addition to the usual covenants in such instruments, contained the following: "The said James B. Austin may sell and convey said property under the power aforesaid, though he has been, may now be, or may hereafter be, attorney or agent of said third party (the insurance company) in respect of the loan made by said third party on this deed of trust and said notes, or in respect of any matter or business whatever." This deed of trust was duly recorded on the seventh day of June, 1889. Afterward by deed dated the thirty-first day of June, 1890, the said Nettleton's warranty deed, subject to the above described incumbrance, conveyed said real estate to William B. Clarke. Afterward by warranty deed dated the fourth of February, 1891, the said Clarke and wife, subject to said incumbrance, conveyed the premises to the plaintiff, John H. Lipscomb.

Default having been made in the payment of the interest note for $600 due on the fourth of June, 1893, and in the payment of the state and county taxes due and delinquent on the first of January, 1893, and the city taxes due and delinquent on the first of September, 1893, the trustee in pursuance of the power contained in said deed of trust, advertised and on the twentieth day of October, 1893, sold at public vendue, and conveyed the premises by deed dated the twenty-first of October, 1893, to the defendant insurance company for the sum of $21,000. Thereupon, on said last mentioned day, the plaintiffs instituted this suit setting up in the petition, in substance, that the said Lipscomb

held the title to the premises acquired as aforesaid in trust for his codefendant and sister Mrs. Frances M. Hickman, and praying that the sale made and the deed last aforesaid executed by the said James H. Austin as trustee in pursuance thereof, to the defendant, be set aside and for naught held for the reason, that the said James H. Austin and one Archibald A. Austin are attorneys at laws and partners doing business under the firm name of Austin & Austin; that as such they represented the defendant as attorneys in transacting the legal business connected with said loan at the time the same was made, and are now so acting; that on said twentieth day of October, 1893, and before said sale, the plaintiff Lipscomb gave the defendant through its said attorneys Austin & Austin and to the said James H. Austin, written notice that he objected to the said James H. Austin acting as trustee therein. Nevertheless the said James H. Austin acting as said trustee sold the premises upon the sole bid of his partner, the said Archibald Austin, acting for the defendant insurance company, for the sum of $21,000, which was $20,000 less than the property was reasonably worth. The petition does not contain any offer to pay the amount of the indebtedness secured by the deed of trust nor ask to be permitted to redeem.

The sale took place at the period of the great monetary stringency in 1893. The evidence tended to prove, that while this property was prior thereto worth about $35,000, that at the time of the sale its market value was not more than it sold for. The property was advertised, sold, and the deed made in strict compliance with terms of the deed of trust, and there is no evidence of harshness, oppression, or unfair dealing in the whole transaction. There were no other bidders at the sale, and no other bids made than that made by the defendant through its attorney, the said Archibald

Austin. The insurance company seems to have been always willing to reconvey to Mr. Lipscomb on payment of the amount of its claim upon the property and in fact on the trial offered to do so, which offer was declined. On this state of case the circuit court dismissed the plaintiff's bill, and we do not see how it could have done otherwise. The sale having been made and the deed executed, without the least semblance of fraud or unfair dealing, in strict compliance with the terms of the deed of trust by the trustee agreed upon between the parties to the deed of trust, subject to which the plaintiff took his deed with due notice of the relation that the trustee sustained to the beneficiary, the legal title to the premises passed to the grantee, and unless misfortune alone can be made a substantial and independent source of equity jurisdiction, to be exercised in behalf of one who does not even offer to do equity (either because he is unable or unwilling to do it) the plaintiffs have not a foot to stand upon in a court of equity. However strongly our sympathies may be enlisted for the unfortunate victim of hard times, they can not furnish a basis for equity jurisdiction, and such courts can not and ought not to be made the instruments of speculation in the future values of property even for the benefit of the unfortunate. To gain even the ear of a court of equity the plaintiff ought to have manifested a willingness to do equity, by offering to redeem, but this they are not willing to do; they simply want the court to try the hazard of the market again. The sale certainly is not void, and if voidable for any reason the plaintiffs have not placed themselves in a position to ask to have it avoided. So we need not pursue the investigation further. The judgment is affirmed. All concur.