## STUARD LUMBER COMPANY v. TAYLOR et al.

1. Upon the petition of a minority stockholder, brought against the majority stockholders in a certain corporation, receivers were appointed to take possession of the entire property of the corporation, and injunctive relief was granted against the creditors of the corporation. A creditor having a mortgage for a large amount, who had not been notified of the proceedings for the appointment of a receiver, filed a petition showing that he was the holder of a mortgage containing a power of sale, and prayed that the judgment granting injunction and appointing the receivers should be modified and dissolved so far as it affected the petitioner's rights in the enforcement of his mortgage according to the terms thereof. The court refused the prayers of the petition. *Held,* that notwithstanding the introduction of evidence at the hearing, tending strongly to show that a sale of the properties of the corporation which had been put in the hands of receivers to a third person would be greatly to the advantage of the creditors of the corporation, and that all the claims against it would be paid and especially the claim of the petitioner, it was error to refuse the prayers of the petition. This was a case for the application of the maxim that equity follows the law, and there were no peculiar facts taking it out of the operation of this rule.

2. The question as to whether the evidence submitted upon the hearing of the application for the appointment of a receiver did not require the finding that the corporation for which a receiver was sought was solvent, and whether, if it was solvent, the appointment of a receiver was authorized, is not presented by this record for decision here.

No. 1713. APRIL 15, 1920.

Equitable petition; intervention. Before Judge Dickerson. Berrien superior court. October 20, 1919.

R. P. Taylor, a minority stockholder in the Pine and Cypress Company, brought his petition against said corporation and against S. L. Calfee, alleged to be the owner of a majority of the stock of the corporation and the manager thereof, for injunction and other equitable relief. It was alleged in the petition that the business of the corporation was being mismanaged, its property going to waste, and that serious loss would result to all stockholders and creditors unless the relief sought was granted by a court of equity. Temporary receivers were appointed, and a temporary restraining order granted. The defendant corporation filed its answer, admitting the substantial allegations of the petition, and alleging that if there is any mismanagement it is caused by the mill outfit not being such as to permit the successful operation of the mill; and further: "The mill needs new machinery

and methods for conveying the logs to the mill; and as the corporation has not the ready funds to make such improvements, it cannot well be done at this time. It is true that the mill ought to be operated; and as the corporation is amply solvent, in order that such mill may be operated defendant feels that more money should be paid into the coffers of the corporation, either by stockholders paying in the cash for this purpose, or by selling some of the stock to an outside party who will have the money to improve the equipment of the mill so that it may be successfully operated, or else make some sale of the large body of timber owned by the corporation upon a stumpage basis, which will bring in funds for operation as the mill should be operated, as well as to lease the mill and equipment to the party buying the timber upon a stumpage basis. Defendant avers that no one, with the equipment as it is, can successfully operate the mill. Wherefore defendant prays that the court take such action in the premises as will best protect the interests of all parties concerned, to wit: the minority and majority stockholders, the common creditors, the lien creditors, and all other parties interested in said corporation." At the hearing, after considering the petition and answer, the court passed an order granting the relief prayed, appointing S. L. Calfee and others receivers upon their giving bond in a stated sum. It was further ordered that these receivers were empowered to receive bids and propositions for the use of the mill and outfit, and the sale of the timber or any part of it, and all properties of the corporation, such bids to be submitted to the court for ratification or rejection. This order was granted on August 30, 1919. On September 23, 1919, the Stuard Lumber Company (hereinafter referred to as the Stuard Company), a corporation of this State, filed its petition to the superior court, showing that it was a creditor of the Pine & Cypress Company (hereinafter called the Cypress Company) in the sum of $17,500 principal, besides interest; that this indebtedness arose from the purchase by the Cypress Company of certain machinery and equipment sold by the Stuard Company; that $12,000 of the indebtedness is past due and the notes representing this indebtedness were secured by a mortgage upon the property of the Cypress Company; that the mortgage held by the Stuard Company contained a power of sale after advertisement, and the power to

execute deeds to the purchaser at such sale; that petitioner had no notice of the proceedings in which the injunction was granted and receivers appointed upon petition of R. P. Taylor. This company prayed, that, if the order of injunction and appointment of receivers could be held in any way to interfere with its rights, the order be dissolved in so far as it affected the interests of petitioner; and that unless its claim should be paid or satisfactorily adjusted, it be allowed by the court to advertise and bring to sale the property held by the receivers, in accordance with the power contained in the mortgage. Upon the hearing of this petition of the Stuard Company, evidence was submitted to show that the receivers, in pursuance of the power given by the order of the court, had negotiated a sale of the timber and leased the sawmill and all equipment of the Cypress Company to the Albemarle Lumber Company, which was able and willing to purchase and pay for timber and the lease of the mill; that this contract was made on a scale of payments to be made monthly; that, under the order of the court appointing receivers and conferring the powers stated in the order, in a short time the claim of the Stuard Company, which is a first lien upon the property, will be paid; that the sale and lease of the property of the Cypress Company had been made upon advantageous terms; that the property was worth from $100,000 to $150,000, and that in a few months the sums accruing from the monthly payments by the Albemarle Company would pay off the indebtedness of the Cypress Company. After the hearing the court took the case under consideration, and rendered judgment by which the prayers of the Stuard Lumber Company were denied, and the receivers were authorized to proceed with the contract of sale as theretofore authorized by the court; and the Stuard Lumber Coompany was restrained from interfering in the case and from further intervening in the matter. To this judgment the Stuard Lumber Com pany excepted.

*H. S. Murray* and *R. D. Smith,* for plaintiff in error.

*C. A. Christian* and *W. D. Buie,* contra.

BECK, P. J. (After stating the foregoing facts.) Under the facts of this case it is one for the application of the maxim that equity follows the law. The principle is now embodied in our statute law. "Equity is ancillary, not antagonistic to the law;

hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." Civil Code, § 4520. The Stuard Lumber Company, under its mortgage and the power of sale contained therein, had certain well-defined, absolute, vested rights. If the order restraining it from the enforcement of the mortgage according to its terms is allowed to stand, it will be deprived of a substantial right, that is, the right to bring the property to sale and realize on its security. To do this it is as clearly its right as it is to have its debt paid. If the properties of the Pine and Cypress Company, taken possession of by the receivers under the order of the court and sold or leased to the Albemarle Lumber Company, so clearly and so far exceed the liabilities of the latter company, the receivers might be authorized to borrow, and could easily borrow, a sufficient amount to pay off the debt of the Stuard Lumber Company; or if the title to the timber and the equipment has passed to the Albemarle Lumber Company, the purchaser, it could borrow a sufficient amount to pay off the Stuard Company. But neither the receivers nor the Albemarle Company have a right to insist that the Stuard Company shall not enforce its plain legal rights, upon the ground that it would be better for the stockholders or better for the purchaser of the property, who took with notice of the liens upon it, to postpone the payment of the Stuard Lumber Company's mortgage. Of course circumstances arise in some cases that authorize a court of equity to restrain the mortgagee or one holding a power of sale from exercising his legal rights; but no such peculiar circumstances are shown here. The power of sale in a mortgage is conferred for the purpose of effecting a speedy payment of the debt. This purpose is in the contemplation of the mortgagor and mortgagee at the time of the execution of the instrument; and the time of the exercise of the power depends upon the terms therein set forth. If no fraud was practiced by the mortgagee and no unconscionable advantage taken to procure the mortgage containing the power, and the rights of third persons at the time of the execution of the mortgage were not affected or impaired, the instrument and any power that it may contain will be given effect according to its plain provisions. "Hard times constitute no ground for equitable interference to stop a judgment at law from making the money

recovered, out of the defendant's lands, at the suit of anybody, so far as we know or have heard." *Poullain* v. *English, 57 Ga.* 494. See also *Tillman* v. *Stewart,* 104 *Ga.* 687 (30 S. E. 949, 69 Am. St. R. 192), and other cases therein cited.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*