. BATTLE *et al. v.* ROYSTER GUANO COMPANY.

Under the facts appearing in the record, the court erred in appointing a receiver.

No. 2819. MARCH 18, 1922.

Injunction and receivership. Before Judge Shurley. Warren superior court. September 3, 1921.

The F. S. Royster Guano Company filed a petition in the superior court of Warren county against Mrs. Bessie C. Battle and the Fourth National Bank of Macon, Georgia (hereinafter referred to as the bank), for an interlocutory injunction and a receiver. Plaintiff filed two amendments to its petition, which were allowed. Mrs. Battle filed her plea in abatement; also her demurrer to the petition and an answer thereto, as well as answers to both amendments. The bank filed a demurrer to the petition, and a plea in abatement and a sworn response to the rule nisi granted in the case.

In the present petition is set forth the pendency of another suit in the superior court of Warren county, the reference thereto being as follows: " On the 13th day of June, 1921, petitioner filed suit in this court, in which petitioner asked for a judgment against defendant for the amount of the said note [it being the same note the collection of which is sought in the present suit], and praying, among other things, that she be restrained and enjoined from disposing of or alienating in any way certain growing crops on property described therein, except by order of the court. Reference is prayed to said suit, the prayers therein asking for injunction and a restraining order and the injunction granted therein." In addition, there was a prayer for judgment on the note and that Mrs. Battle be enjoined and restrained from disposing of or alienating or encumbering any of her property therein described or the growing crops on the property. Numerous parties were named as codefendants with Mrs. Battle in the suit filed in June, 1921, and the petition in that suit set forth numerous conveyances to the various codefendants, conveying several thousand acres of land in many different lots, which are fully described; and it was prayed in that former suit that Mrs. Battle be restrained from transferring this property, and that the codefendants, who were grantees in the several deeds, be enjoined and restrained from transferring the title to the realty conveyed by Mrs. Battle, or from in any wise changing the status of the title to the property, it being alleged that the property had been fraudulently conveyed and transferred to them by Mrs. Battle. Injunction was also sought in that suit, to prevent the defendant from disposing of or in any manner encumbering any other of her property, and particularly the crops up and growing on her lands for the year 1921. And

further it was prayed, that each of the codefendants with Mrs. Battle, some ten or more, who were grantees in the deeds referred to, be required to deliver up the fraudulent conveyances made to them by Mrs. Battle, together with their notes which said conveyances were made to secure, and that the conveyances and notes be canceled. There was also a prayer for general relief.

The injunction and restraining order sought in the first suit filed in Warren superior court, June 13, 1921, upon the interlocutory hearing were granted as prayed. In this present case,.filed in August, 1921, the same petitioner further sets forth and describes certain property conveyed by security deed by Mrs. Battle to the Fourth National Bank of Macon on June 4, 1920, it being part of the same property the growing crops on which Mrs. Battle had been previously restrained and enjoined from alienating or conveying; that under and in accordance with the power of sale in the security deed the bank had advertised and is about to sell said property; that said sale will by operation of law include all the growing crops thereon; and that the sale is a collusive scheme between the bank and Mrs. Battle to defraud the other creditors of Mrs. Battle. · In the petition are set forth the names of other creditors and the amounts.due them. Defendants filed their sworn responses, answers and pleas, in which the material allegations of the petition were denied, except that the bank held a security deed and was about to exercise the power of sale thereunder. The bank also demurred to the petition. Upon the presentation of this petition the court issued a temporary restraining order against the bank, restraining it from selling the property. After hearing argument of counsel the court vacated the restraining order previously granted as against the bank and denied the injunction against the bank, but granted the injunction against Mrs. Battle, and appointed receivers for all the property as prayed. To the order granting the injunction against Mrs. Battle and appointing receivers for her property the defendants excepted.

*L. D. McGregor* and *Jones, Park & Johnston,* for plaintiffs in error.

*M. L. Felts* and *Crenshaw & Lindsay,* contra.

BECK, P. J. (After stating the foregoing facts.) It affirmatively appears in this case that an injunction had already been granted in a prior case pending in the same court, at the suit of the plain-

tiff in the present action, F. S. Royster Guano Company, for substantially the same cause of action, restraining Mrs. Battle from encumbering or alienating any of her property; which order preventing the alienating or encumbering of any of Mrs Battle's property included the land involved in the instant case. In the present case the Guano Company petitioned for and obtained in the same court another injunction against Mrs. Battle, and also obtained the appointment of a receiver for her property. As previously pointed out, in the first suit an injunction had been obtained by the plaintiff in the court below, the defendant in error here, restraining and enjoining Mrs. Battle from alienating or encumbering any of her property. The present action is directed against the Fourth National Bank as a codefendant with Mrs. Battle. Can this have the effect of supporting the action against the latter? It the court had found, under the facts alleged, that the plaintiff in the suit was entitled to its injunction against the bank and the other relief against that bank, which was denied, a different question would have been raised from what is presented now. But when the prayers of the petition against the bank were denied, then there was no further occasion for retaining this action against Mrs. Battle, in view of the relief sought and granted in the first action; and the court erred in granting the prayers for injunction and receiver against Mrs. Battle. The plaintiff in the court below had no lien on any of the property nor any interest or right in any portion thereof, and the injunction which had been granted in the previous suit fully protected it in its rights; for after having recovered a judgment, if it should recover one, it could levy upon the property. Moreover, to allow this receivership to stand as to the land which was conveyed to the bank to secure the debt held by it would be indirectly defeating the bank in its attempt to enforce its claim, though refusing by the direct remedy of injunction to prevent the bank from exercising the power of sale given in the deed from Mrs. Battle to that corporation. If as a matter of fact in this case Mrs. Battle has for any purpose turned over to the bank an amount of assets exceeding in value the real claims of the bank against her, the plaintiff in this case can, by plain common-law remedy, that is, by garnishment, subject to its demands the excess of the amount of funds or property in the hands of the bank over its just demands. We think

for these reasons that in no view of the case, after the refusal of the equitable relief directly sought against the bank, was the plaintiff entitled to the remedy and relief additional to the full and comprehensive relief granted it in the former suit filed in June.

It is unnecessary to quote lengthy extracts from authorities supporting the views set forth above and upon which our judgment is based. It is not improper, however, to cite in this connection the following: Civil Code (1910), § 5495; *McWilliams-Rankin Co. v. Thompson*, 135 *Ga.* 424 (69 S. E. 554); *Virginia-Carolina Chemical Co. v. Provident Savings Life Assurance Society*, 126 *Ga.* 50 (54 S. E. 929); *Spence v. Solomons Co.*, 129 *Ga.* 31 (58 S. E. 463); *Guilmartin v. Ry. Co.*, 101 *Ga.* 565 (29 S. E. 189); *Stuard Lumber Co. v. Taylor*, 150 *Ga.* 135 (102 S. E. 894); Colonial Trust Co. *v.* Central Trust Co., 243 Pa. 268 (90 Atl. 189); Magniac *v.* Thompson, 15 How. (56 U. S.) 299 (14 L. ed. 696); *Booth v. Mohr*, 122 *Ga.* 333 (50 S. E. 173).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent because of sickness.*