## CITIZENS AND SOUTHERN BANK *v.* UNION WAREHOUSE AND COMPRESS COMPANY *et al.*

ATKINSON, J. The Union Warehouse and Compress Company (hereinafter referred to as "the corporation"), while engaged in operation of a cotton compress and warehouse business, borrowed certain money from one of its principal stockholders, the Georgia Railroad Bank (hereinafter referred to as "A"), and to secure the debt executed a mortgage on all its property consisting of realty, machinery, equipment, and two operating contracts. The mortgage was duly recorded. While thus engaged certain things occurred which gave rise to separate damage suits by A and the Citizens and Southern Bank (hereinafter referred to as "B") against the corporation. The plaintiff in each suit obtained a money judgment, to which exceptions were taken, and both cases were carried to the reviewing court on bills of exception. One effect of the judgments was to so impair the credit of the corporation as to render it impossible to carry on the business, and consequently the plant was closed and remained idle. While the business was closed A caused the property to be advertised for public sale in pursuance of a power contained in the mortgage, in order to collect a balance of the secured debt which remained unpaid. A few days before the day of sale certain preferred stockholders of the corporation, without making any attack on the lien of the mortgage or questioning the amount of the alleged balance of

Corporations, 14a C. J. p. 983, n. 66.
Equity, 21 C. J. p. 195, n. 47, 52.

the debt, instituted suit against the corporation, in which A and B were also made parties defendant, for injunction to prevent the impending sale. The suit was based on alleged invalidity of the power of sale contained in the mortgage, and insufficiency of the published notice of sale. The suit also sought to have a receiver appointed to take control of the property and sell it under appropriate orders of the court. The alleged ground for such relief was that the property would be sacrificed at the public sale, and could be sold to better advantage by a receiver, subject to confirmation by the court. The estimated value of the property was sufficient to discharge the mortgage debt and other liabilities (not including the judgments of A and B), and leave a substantial balance for the stockholders. One of the "other liabilities" was a stated amount due the United States Government for income tax, for which an execution was on record. The property was not sufficient to discharge the mortgage debt and the judgments. If they should be sustained and the amounts thereof should finally remain liabilities, the corporation would be hopelessly insolvent. At an informal hearing, the attorney for A having announced withdrawal of the advertised sale, no injunctive order was passed or receiver appointed, but the judge sanctioned the petition by ordering it filed. While the status was as thus indicated, B paid to A the full amount of the balance owed on the secured debt, and became assignee of the debt and mortgage. In a month or two after such assignment, B as assignee instituted suit in the superior court against the corporation, to foreclose the mortgage under the statute. After the filing of this suit the corporation filed an answer to the petition for injunction and receiver above mentioned as brought by the stockholders. In its answer the corporation admitted the material allegations of the petition, and alleged more elaborately grounds for appointment of a receiver, and, without objecting in any way to the foreclosure suit instituted by B, prayed for appointment of a receiver to take possession of its property and sell and administer it under appropriate orders of the court, and that when sold *the liens of the judgments* held by A and B *be transferred from the property to the proceeds of sale.* In elaborating the grounds for receiver all was alleged as indicated above; and further, that the property was of peculiar character suited only to the business in which it was employed; that the business was active only in certain seasons; that the season of activity was approaching nearly, and consequently there would be a demand for the property that would not exist after the season; that a sale could not take place under the mortgage foreclosure until after the season had closed, and even then the time would be indefinite, due to probable delays in the courts; that the property would depreciate in value from keeping, and would produce no income; that interest and taxes would accumulate, and the cost of insurance and hire of a watchman would be continuous charges; that a receiver could make sale under orders of the court before the ensuing business season at a better price, and avoid the losses and expenses above mentioned; that owing to the liens of the judgments held by A and B it was impossible for the corporation to obtain the money to discharge the mortgage or continue the business, and for the same reason it was impossible to sell the property

for the benefit of its general creditors and stockholders; that owing to the condition of its business the corporation desired a receiver to administer and sell the property under appropriate orders of the court for the benefit of all its creditors and stockholders, whether or not the judgments held by A and B should be finally sustained, but giving due priority to those judgments if they should be sustained. Responding to this answer, the plaintiff stockholders amended their original petition for injunction and receiver by adopting the allegations and prayers just stated. A admitted the allegations, and adopted the prayers for a receiver upon condition that it should in no way interfere with the proceedings instituted by B to foreclose the mortgage. B interposed a demurrer and answer to the answer so filed by the corporation, and filed a motion to dismiss the original petition of the stockholders. The case was tried at an interlocutory hearing, upon an agreed statement of facts. The case as presented by the pleadings and evidence was substantially as indicated above. The judge appointed a receiver by order containing the following directions, reservations, and limitations: (a) He was authorized to offer the property for sale for cash, subject to confirmation by the court. (b) The right was reserved to B to prosecute its foreclosure proceeding and to "cause the mortgaged property to be sold under regular process, in the event the same has not been sold in the meantime by the receiver . . and said mortgage paid and satisfied." (c) Authority was conferred upon the corporation in its own name to prosecute the writs of error to the judgments in the damage suits, provided that the order should not be "construed to be a supersedeas as to said judgments." (d) It was also provided that all expenses including "receiver's commissions, court costs, and attorneys' fees (but not the reasonable expenses of preservation of the physical property . . ), shall be postponed and subordinated to the mortgage lien . . as may be finally adjudged and determined, including principal, interest, attorney's fees, court costs, taxes, and any other liens superior to said mortgage." To this order B (the Citizens and Southern Bank) excepted. *Held:*

1. The injunctive features of the case were eliminated by the voluntary abandonment of the sale that was sought to be enjoined.

2. After the amendment of the original petition filed by the stockholders, the case was in effect a suit by stockholders and the corporation itself, to have a receiver appointed to take charge of the corporate property, with authority to sell it and pay the proceeds of sale to creditors according to their several priorities, and any residue to the stockholders.

3. One effect of the order was to appoint a receiver and authorize him to make a sale prior to judgment on foreclosure of the mortgage, which if confirmed by the court would interfere with the Citizens and Southern Bank, an objecting creditor, in enforcing either its mortgage judgment or its common-law judgment against the property according to the usual methods provided by law, and would give priority to costs of the receivership over the common-law judgment, to the injury of the creditor.

4. Relatively to the Citizens and Southern Bank the judgment was erroneous. *Stuard Lumber Co.* v. *Taylor*, 150 *Ga.* 135 (102 S. E. 894), and cit. The facts in the case cited are not in all respects similar to those

47

involved in the case under consideration, but the principles stated in the decision are applicable and require a reversal.

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*

### No. 5623. SEPTEMBER 13, 1927.

Receivership, etc. Before Judge Franklin. Richmond superior court. August 6, 1926.

*Wright & Jackson,* for plaintiff in error.

*Hamilton Phinizy, Lee & Congdon, W. H. Fleming,* and *Cumming & Harper,* contra.