KONTZ *v.* CITIZENS AND SOUTHERN NATIONAL BANK, trustee.

No. 10488. SEPTEMBER 16, 1935.

*Smith, Smith & Bloodworth,* for plaintiff.

*Alston, Alston, Foster & Moise* and *J. H. Porter,* for defendant.

ATKINSON, Justice. On July 3, 1934, the advertised date of a sheriff's sale under foreclosure of a security deed, the defendant in fi. fa. instituted an action praying to enjoin sale of the property until May 1, 1935. The exception is to a judgment dismissing the action on general demurrer to the petition. The property levied upon consisted of numerous parcels of valuable land which it was alleged would be sold in bulk in order that plaintiff in fi. fa. might buy it for less than its value, but there was no allegation that it would sell for any more if sold in separate lots and no prayer that it be sold in separate lots. The effort was to delay sale in any manner. In these circumstances the action of the plaintiff in fi. fa. in selling in bulk was immaterial. The alleged ground of relief was inability to pay the debt, and unsaleableness of the property, due to an existing general temporary depression of market values throughout the country, including the properties in question. In this connection it was alleged that certain local public improvements were being made that would increase the market values of certain parts of the property, and that with return of prosperity in the country, which was reasonably prospective in the near future, the property could be sold for an amount greatly in excess of the debt, leaving a stated large amount to the petitioner in virtue of his equity.

In *Poullain* v. *English,* 57 *Ga.* 492, it was said: "Unless a court of equity ought to intervene to prevent the lands of Brown from being sold in hard times when they would not bring full value, at the suit of one interested like Poullain is, we can not see any equitable reason for interfering with the judgment of the chancellor. Hard times constitute no ground for equitable interference to stop a judgment at law from making the money recovered, out of a defendant's lands at the suit of anybody, so far as we know or have heard. Indeed, it is not alleged that the lands will not bring the judgment, or that Brown is insolvent; but if it were, a court of equity would not stop the sale of the lands under a judgment at law for such a reason. Nor should it arrest the sale of the lands by the sheriff at the prayer of Poullain, under the

state of facts alleged." In *Winn* v. *Henderson*, 63 *Ga.* 365, 368, it was said: "No allegation is made or arises from the pleadings or affidavit, except that from the condition of the times the property would not sell for its full value. That is no reason why it should not be sold for what it will bring to pay a debt justly due, reduced to judgment and proceeding under final process." In *Stuard Lumber Co.* v. *Taylor*, 150 *Ga.* 135 (102 S. E. 894), referring to a public sale under a power contained in a mortgage, it was said: "Circumstances arise in some cases that authorize a court of equity to restrain the mortgagee or one holding a power of sale from exercising his legal rights; but no such peculiar circumstances are shown here. The power of sale in a mortgage is conferred for the purpose of effecting a speedy payment of the debt. This purpose is in the contemplation of the mortgagor and mortgagee at the time of the execution of the instrument; and the time of the exercise of the power depends upon the terms therein set forth. If no fraud was practiced by the mortgagee and no unconscionable advantage taken to procure the mortgage containing the power, and the rights of third persons at the time of the execution of the mortgage were not affected or impaired, the instrument and any power that it may contain will be given effect according to its plain provisions." Citing *Tillman* v. *Stewart*, 104 *Ga.* 687 (30 S. E. 949, 69 Am. St. R. 192), and other cases. In *Bank of Alapaha* v. *Purvis*, 178 *Ga.* 284 (173 S. E. 103), the principle was recognized, though the case made by the facts did not depend entirely on its application.

In *Tate* v. *Atlanta Joint Stock Land Bank*, 180 *Ga.* 631, 640 (180 S. E. 112), it was said: "The mere stringency of the times did not invalidate the power of sale or postpone any of the rights granted to the bank by the loan contract. There was at the time of such sale no moratory statute in this State." In Bolich *v.* Prudential Insurance Co., 202 N. C. 789 (164 S. E. 335, 82 A. L. R. 974), it was said: "The power of a court of equity to restrain sales of real estate made in pursuance of the terms of a mortgage or deed of trust is undoubted, and the decisions of this court disclose that the restraining power of equity in proper cases has been frequently exercised. However, the exercise of the beneficent powers of equity has usually been based upon allegations of fraud, restraint, oppression, usury, mistake, or other facts disclosing un-

conscionable advantage. Unless such elements are alleged, the courts have refused to stay the exercise of the power of sale in a mortgage or deed of trust when all the necessary requisites of a valid sale have been observed and pursued. . . Perhaps no court is wise enough to declare with absolute finality that no economic or financial stringency or distress would warrant the intervention of equitable principles in restraining the power of sale in instruments securing debts, but certainly the mere allegations of general depression before the property has been sold and an unconscionable purchase-price established has not heretofore been deemed adequate to invoke equitable power." See note in 82 A. L. R. 976. In Lipscomb v. New York Life Insurance Co., 138 Mo. 17 (39 S. W. 465), it was said: "However strongly our sympathies may be enlisted for the unfortunate victim of hard times, they can not furnish a basis for equity jurisdiction; and such courts can not and ought not to be made the instruments of speculation in the future values of property, even for the benefit of the unfortunate." In Kenly v. Huntingdon Building Association, 166 Md. 182 (170 Atl. 526, 90 A. L. R. 1321), Digges, J., concurring, said: "If the contrary view be now adopted, no lawyer would be in a position to advise his client of his legal rights, and no rule of property or contract would protect the parties from an attack on the ground that the right of one is inequitable or that the enforcement thereof would result in injustice to the other party concerned. The simplest contract between man and man might be unenforceable because in the opinion of the chancellor one of the parties has made a more advantageous bargain than the other." See also note in 96 A. L. R. 853.

Expressions at variance with the views quoted from the decisions above cited are to be found in the opinion of Judge Charlton of the superior court of Chatham County, rendered in 1808 (Ex parte Grimball, T. U. P. C. 153), having in view certain "embargo" laws (2 United States Statutes at Large, 451, 453, 473, 490), which expressions were cited with approval by this court before adoption of the Code, in Cook v. Walker, 15 Ga. 457-468, decided by only two of the three Judges of this court as then constituted. The decision of Judge Charlton was not a decision by this court, and the subsequent citation thereof by this court does not make it binding as a precedent. The case differs from Home

Building & Loan Association *v.* Blaisdell, 290 U. S. 398 (54 Sup. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481), and similar cases based upon moratory statutes. The request to review and overrule the decision in *Bank of Alapaha* v. *Purvis,* supra, is denied. In the instant case the creditor is pursuing his legal remedy, and equity, which is not antagonistic but ancillary to law, will not interfere on the grounds·alleged in the petition. The allegations of fact show a most distressing case that is strongly appealing; but under existing laws in this State they do not show ground for judicial interference under any legal or equitable principle.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*