## 18239.   BYRD *v.* BYRD.

STEPHENS, J.   1. Where property is levied on as the property of the defendant in execution, and the entry of levy so recites, it is presumably the property of the defendant in execution, and an affidavit of illegality filed by the defendant in execution need not allege that the property is the property of the affiant.   See in this connection *Walker* v. *Equitable Mortgage Co.,* 112 *Ga.* 645 (37 S. E. 862).

2. This being an issue formed upon the hearing of an affidavit of illegality based upon the ground that the affiant was, at the time of the alleged

---

Appeal and Error, 3 C. J. p. 978, n. 37; 4 C. J. p. 955, n. 35.

Executions, 23 C. J. p. 550, n. 14 New; p. 552, n. 65 New; p. 553, n. 75 New.

service upon him by the leaving of copies at his most notorious place of abode in the county, a nonresident of the county, and the court having instructed the jury as to the law relative to the determination of the domicile of a person who resides within the State, and where the court also submitted to the jury the issue as to whether or not the defendant was a resident of this State or of a foreign State, and instructed the jury that the law with reference to the domicile of one residing within the State would not apply if the jury found that the defendant resided without the State, there is no merit in the defendant's contention that the court erred in that he excluded from the jury any consideration as to the domicile of the defendant as a resident of this State.

3. Upon the trial of an issue formed by an affidavit of illegality to an execution based on a judgment in a common-law suit, the merits of the controversy arising out of the suit in which the judgment issued are irrelevant. Where the affidavit is to an execution based upon a judgment for alimony, and the sole ground of illegality is want of service of the original suit upon the affiant, who is the defendant in execution, the testimony of either the plaintiff in execution or of the affiant on cross-examination, as to facts which tend to place culpability upon the affiant as to the issue in the main suit, as that the affiant drove the plaintiff, who was his wife, away from his home, threatened to kill her, and also, by requesting her to return to him, had admitted his fault, was irrelevant for any purpose and was properly excluded.

4. If previous conduct of the affiant tending to show that he had fled from the jurisdiction of the court for the purpose of avoiding payment of alimony could be relevant upon the issue of want of service of the suit for alimony, raised in the affidavit of illegality, it does not appear from the grounds of the motion for a new trial, as approved by the trial judge, wherein the plaintiff excepts to the refusal of the trial judge to permit her to testify, that the movant stated to the court what she expected to prove by the witness. This ground of the motion presents nothing for consideration.

5. None of the evidence offered by the plaintiff, the rejection of which was excepted to by the plaintiff, was relevant to the issue on trial. The court properly rejected it.

6. A threat made by the trial judge, while the plaintiff was upon the witness stand giving testimony, that if the plaintiff or the attorney for the plaintiff would not observe the instructions of the trial judge with reference to answering and propounding questions, the plaintiff or "somebody is going to jail," can not, without more, under the circumstances, be held by this court to have been so prejudicial to the plaintiff as to require a new trial.

7. The court did not err in refusing to strike the affidavit of illegality. The evidence authorized the verdict found for the defendant, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1928.

Action on foreign judgment; from city court of Savannah—Judge Freeman. May 13, 1927.

*Don H. Clark,* for plaintiff.