his<br>
CHARLES ✕ BENJAMIN.<br>
mark.

Witness, W. T. GALLEDGE."

On the trial, plaintiff proposed to testify that, at the time the warrant was sued out, the defendant had gathered from the rented premises more than enough cotton from the crop of that year, raised on the premises, to pay off the rent due him; that the three bales of cotton due by the contract were worth $150.00; and that the agreement was that the rent was to be paid as fast as this cotton was gathered from the first picking. On objection, this evidence was rejected.

A non-suit was awarded, and plaintiff excepted.]

---

## ARTOPE *et al. vs.* BARKER.

1. When the issues made by an affidavit of illegality were submitted to the presiding judge without a jury, and on demurrer, the affidavit of illegality was dismissed, the remedy therefor was by exception to such judgment, and not by motion for new trial; the case going out of court on demurrer, nothing was left to try.
2. An affidavit of illegality is a remedy which lies only in favor of defendants in execution; and if filed by persons who are not defendants, it will be dismissed. Code, §§3664, 3665; 48 *Ga*, 365-7.
3. Ordinarily the amendment of an execution insures the fall of the levy, and it will be dismissed; but where an original *fi. fa.* had been levied, and an illegality was pending on a copy or alias *fi. fa.* subsequently issued, this copy could be amended so as to conform to the original, and the levy made on the original did not thereby fall. Code, §§3500-3.
   Judgment affirmed.

October 23, 1883.

JACKSON, Chief Justice.

[An execution in favor of Barker against J. B. Artope, as trustee for his wife and children (naming them), was levied on certain lots. The *cestuis que trust* named, together with J. B. Artope, as guardian of the minor children of a deceased daughter, a Mrs. Hodgkins, filed an affidavit of illegality on various grounds.

The original *fi. fa.* having been lost before the trial, a copy was established on motion. Defendant moved to dismiss the levy because the copy established bore date November 1, 1883, while the *fi. fa.* purported to have been issued, and the levy to have been made in November, 1881. The court permitted the established copy to be amended so as to substitute 1881 for 1883, it being shown to him that this was a clerical error, and refused to dismiss the levy.

Plaintiff demurred to the affidavit of illegality, and moved to dismiss it, and by consent the entire record was considered by the court in passing on the demurrer. He sustained the demurrer, and dismissed the affidavit. Defendants moved for a new trial, on the following grounds:

(1.) Because the court refused to dismiss the levy.

(2.) Because the court dismissed the affidavit of illegality.

The motion was overruled, and defendant excepted.]