## STATE OF GEORGIA *v.* SALLADE, agent.

1. A defendant in execution can not file an affidavit of illegality until the execution has been levied upon his property. Consequently, where an execution against an individual has been levied upon property of a corporation, and the defendant interposes an affidavit of illegality upon the ground that the execution is proceeding illegally against the property of such corporation, the court to which the execution and affidavit of illegality are returned has no jurisdiction to try the issue thus sought to be made, and for this reason the affidavit of illegality should be dismissed.
2. An affidavit of illegality is a remedy which lies only in favor of a defendant in execution; and if filed by one who is not a defendant, the court to which the issue thus sought to be made is returned, being without jurisdiction to try it, should dismiss the affidavit of illegality.

Argued July 18, — Decided August 7, 1900.

Affidavit of illegality.    Before Judge Seabrook.    McIntosh superior court.   January 6, 1900.

*J. M. Terrell, attorney-general,* and *Livingston Kenan, solicitor-general,* for plaintiff in error.    *C. L. Livingston,* contra.

FISH, J. The tax-collector of McIntosh county issued an execution against " F. T. Sallade, agent for the L. B. Price Company," for the sum of $100, alleged in the execution to be "due for special State tax for peddling clocks in" that county "for the year 1899." The sheriff of the county levied this execution upon certain personal property "as the property of F. T. Sallade, agent of L. B. Price Co." Whereupon " F. T. Sallade, agent for the L. B. Price Mercantile Company of Kansas City, Missouri," filed an affidavit of illegality, in which he alleged that the execution was "proceeding illegally upon the goods" of the Price Company. The Price Company gave a forthcoming bond, and, in due course, the case thus made came on for trial, in the superior court of McIntosh county. The case went to trial, upon an admitted state of facts, and, "upon oral motion of counsel for defendant in fi. fa., the court directed the . . jury to return a verdict for the defendant in fi. fa., sustaining the illegality and dismissing the levy made under said execution," and the jury returned a verdict accordingly. The State excepted, pendente lite, to the direction of the verdict, and subsequently made a motion for a new trial, which was overruled; whereupon it brought the case to this court for review.

1. We think that the court erred in directing a verdict for the defendant in execution. The execution was not against the L. B. Price Company, but it was against Sallade in his individual capacity. The words, "agent for the L. B. Price Company," which followed Sallade's name in the fi. fa., were merely descriptio personæ. The same may be said with reference both to the levy and the affidavit of illegality, if we take them as they are set forth by copies in the record. From the copies of the levy and the affidavit of illegality, it appears that the goods were "levied on as the property of F. T. Sallade, agent of L. B. Price Co."; and Sallade, who made the affidavit of illegality, did not swear that he was the agent of the L. B. Price Company, but was merely described as such in the affi-

davit. *McDuffie* v. *Irvine*, 91 *Ga.* 748 ; *Atlanta Brewing Co.* v. *Bluthenthal*, 101 *Ga.* 541; *Irvine* v. *Wynn*, 107 *Ga.* 402. In the agreed statement of facts, however, it was admitted that the execution was levied upon certain goods "in the possession of F. T. Sallade, as the property of the L. B. Price Mercantile Co.," and "that an affidavit of illegality was filed by F. T. Sallade as agent of Price Co., upon the grounds therein stated." Considering the case as made by the execution, the levy, and the affidavit of illegality, copies of which appear in the record, we have a defendant in execution filing an affidavit of illegality upon the ground that the fi. fa. is wrongfully proceeding against the property of another party. The remedy by affidavit of illegality, against an execution which has been issued illegally, or which is proceeding illegally, is purely statutory, and except to the extent that the statute provides there is no such remedy. We think it is clear from the statute that a defendant in execution can only file an affidavit of illegality when his property has been levied upon. Civil Code, § 3746. He can not interpose such an affidavit when the execution has been levied upon the property of some one else, and when in such a case he does so, the court has no jurisdiction to try the issue which he seeks to make. The court has jurisdiction only to try a case which the statute authorizes a defendant in execution to make, and the statute does not authorize a defendant to make such a case.

2. The same result follows if we take the case as made by the agreed statement of facts. Even as shown by this agreed statement, the execution was against Sallade and not against the Price Company. So then, Sallade, as agent of the Price Company, made an affidavit, the effect of which, when considered in connection with the execution, was that an execution against himself had been levied upon and was proceeding illegally against the goods of the Price Company. The Price Company, not being the defendant in execution, could not interpose an affidavit of illegality to the levy of the fi. fa. "An affidavit of illegality is a remedy which lies only in favor of defendants in execution; and if filed by persons who are not defendants, it will be dismissed." *Artope* v. *Barker*, 72 *Ga.* 186; *Clinch* v. *Ferrill*, 48 *Ga.* 365; Civil Code, § 3746. So, whether we view

the case as made by the execution, the levy, and the affidavit of illegality, or as made by the agreed statement of facts, we reach the same result, viz., that the court had no jurisdiction to try the case made, and, for this reason, should have dismissed the affidavit of illegality. It does not appear that any motion was made to dismiss the affidavit of illegality, for the want of jurisdiction. "Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law ; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment." *Smith* v. *Ferrario*, 105 *Ga.* 53–54.

> *Judgment reversed. All the Justices concurring.*