## WALKER *et al. v.* EQUITABLE MORTGAGE COMPANY.

The remedy of resisting by an affidavit of illegality a levy upon property is open only to one who is a defendant in the execution levied, and not then unless the property levied on is seized as his property.

Argued December 4, 1900.—Decided January 26, 1901.

Affidavit of illegality. Before Judge Littlejohn. Schley superior court. April 11, 1900.

*J. H. Lumpkin* and *W. P. Wallis,* for plaintiffs in error.
*E. A. Hawkins,* contra.

LITTLE, J. The plaintiffs in error instituted an action in the superior court of Schley county against Charles A. Taylor, in which they claimed to own certain land of which Taylor was in possession. They also asked for a receiver to take charge of the land. Answering the petition Taylor claimed that the title was in him. Subsequently the Equitable Mortgage Company came in by intervention and was made party plaintiff in said case, and averred that it held title to the land under a previous conveyance from Taylor. After-

ward a judgment was rendered by the judge of the superior court
in vacation in favor of the Mortgage Company for a named amount,
with interest and cost, and establishing a special lien on the land
in favor of the company for the amount of the judgment, on which
execution was issued and levied on the land in question as the
property of Taylor, to which the plaintiffs in error interposed an
affidavit of illegality on a number of grounds, among others, that
the judgment having been rendered in vacation was void.    On the
hearing the affidavit of illegality was dismissed, and the plaintiffs
in error excepted.

A number of interesting and important questions were asked to
be decided, on the presentation of the case in this court, among
others, the contention that the Mortgage Company was not a proper
party to the original proceeding, and that the judge had no author-
ity to hear the case and render judgment in vacation; but an ex-
amination of the record shows that the determination of these
questions is not involved in the sole question we are to determine,
that is, whether the trial judge committed error in dismissing the
affidavit of illegality.    It is our opinion that, regardless of the
questions whether the Mortgage Company was properly made a
party to the original suit, and whether the judgment rendered
thereon was void because of a want of jurisdiction in the presiding
judge to render the same in vacation, the dismissal of the affidavit
of illegality was in any event right; and were we to accede to the
request of counsel and adjudicate these questions, such adjudication
would be entirely outside of the case, and not of any binding force.
Hence, it will be understood that these questions are not consid-
ered, nor adjudicated.

Under the original suit the only question in which the plaintiffs
in error had any interest concerned title of the land which they
claimed.    Taylor, the defendant, asserted title in himself, while the
Mortgage Company insisted that a security deed executed by Tay-
lor to it invested it with title superior to the claim of the plaintiffs
in the action.    This question was adjudicated by the judgment,
the legal effect of which is to declare that the right of the plain-
tiffs to the land was subordinate to the claim of the Mortgage Com-
pany.    The further effect of this judgment is to determine that
Taylor, the defendant, was indebted to the Mortgage Company in
a given amount, for which it should be entitled to a special lien on

the land. No amount of money was ascertained to be due by the plaintiffs in the suit to the Mortgage Company; indeed, none was claimed. It is true that the judgment recites that the Mortgage Company recover of Taylor, and the persons who are plaintiffs in error here, certain sums of money, but this recital must be construed in the light of the pleadings, and as a matter of law judgment was not rendered in favor of the company against the original plaintiffs for any specific sum of money, nor was any execution issued against them. The effect of the judgment, assuming it to be valid, was to adjudicate the right of the respective parties to the land in question. The execution followed the judgment, and contained a recital that the company had recovered of Taylor and the plaintiffs in error certain sums of money, but it issued only against Taylor, who had been adjudged to be the only debtor. Now, in the case of *State* v. *Sallade,* 111 *Ga.* 700, this court ruled that an affidavit of illegality is a remedy which lies only in favor of a defendant in execution, and if filed by one who is not a defendant, the court to which the issue thus sought to be made is returned, being without jurisdiction to try it, should dismiss the affidavit of illegality; and in the case of *VanDyke* v. *Besser,* 34 *Ga.* 268, it was ruled that "An affidavit of illegality must be made by the party, his agent or attorney, against whom the execution may, at the time, be proceeding. It can not be made by a codefendant in his own name, when the execution is not proceeding against him." As a matter of law the execution was not proceeding against the plaintiffs in error, but against defendant Taylor; it was levied on the land as his property. Therefore the question whether a defendant would have the right by illegality to attack a void judgment can not be considered, because, being a statutory remedy, an affidavit of illegality can only be made available by a defendant in execution when it is proceeding against him and when his property is sought to be subjected. Clearly, therefore, the rights of the plaintiffs in error, even if the judgment on which the execution issued is invalid for want of jurisdiction in the judge who rendered it, can not be enforced by affidavit of illegality, and, therefore, regardless of this question, they had no legal right to this mode of procedure.

*Judgment affirmed. All the Justices concurring.*