## CITY OF ATLANTA *v.* SEABOARD AIR-LINE RAILWAY.

1. The main question being the right of a municipality to improve a street abutting on the railroad property of the defendant in error, and how far the right of way may be subject to local assessments, and to an effort to sell the right of way including the tracks, or that part occupied for public purposes, the principles decided in the case of *Georgia Railroad &c. Co.* v. *Decatur*, 137 *Ga.* 537 (73 S. E. 830), are applicable to the questions made by the record in the present case.
2. An affidavit of illegality as a remedy lies only in favor of the defendant in execution; and the owner of property can not file an affidavit of illegality, if the execution is issued against some one else as being the owner of the property levied upon.
(*a*) In such a case an equitable petition is an available remedy to enjoin the levy and sale, and to have done full and complete justice under the facts of the case.

3. The court did not abuse his discretion, under the facts in this case, in granting a temporary injunction and preserving the status until the final trial.

MARCH 13, 1912.

Injunction. Before Judge Pendleton. Fulton superior court. December 1, 1911.

*J. L. Mayson* and *W. D. Ellis Jr.,* for plaintiff in error.

*W. G. Loving* and *Moore & Pomeroy,* contra.

HILL, J. The City of Atlanta made certain improvements on one of its streets known as DeKalb avenue, and assessed the cost thereof against the abutting property owners. One of these was the Seaboard Air-Line Railway. In resistance to the assessment thus made, and to the levy of an execution against it upon a portion of its right of way, and also to the levy of a similar execution against the Georgia Railroad and Banking Company upon the same property, the Seaboard Air-Line Railway filed its petition for injunction against the collection of the assessment and the sale of the property so levied upon. On the interlocutory hearing the court granted a temporary injunction, and on this judgment the City of Atlanta assigns error.

1. On the main question, as to the right of a municipality to improve a street abutting on railroad property, and as to how far a right of way may be subject to such local assessments, and to an effort to sell the right of way including its tracks, or that part occupied for public purposes, the principles announced in the case of *Georgia Railroad &c. Co.* v. *Decatur, 137 Ga. 537* (73 S. E. 830), are applicable, and render unnecessary further discussion of these questions.

2. The second question to be determined is whether the plaintiff in the court below had a complete remedy by affidavit of illegality. The amendment to the charter of the City of Atlanta of 1897 provides that the defendant may file an affidavit of illegality to an execution issued to enforce the collection of the amount of assessments made for work either upon streets or sidewalks, under the conditions recited in the act. Acts 1897, pp. 145, 148, sec. 6. Similar language is employed in the Civil Code (1910), § 5305, in reference to illegalities in general, filed to executions issued upon judgments; and it is there provided that the defendant may file illegality. Under this code section it has been held that nobody but the *de-*

*fendant* in execution can file an affidavit of illegality—a third person can not interpose an illegality. *Artope* v. *Barker*, 72 *Ga.* 186 (2); *State* v. *Sallade*, 111 *Ga.* 700 (2), 702 (36 S. E. 922). And by a similar construction, it is only the *defendant* who can get a complete remedy by affidavit of illegality to an illegal assessment issued by the City of Atlanta. Ordinarily, where an improvement is made on a street, and execution is issued against the abutting lot, or its owner, such owner can get full relief by affidavit of illegality under the statute; but he can not file illegality under that statute, if the execution is issued against somebody else as being the owner of the property. This does not furnish him an adequate remedy. In this case two executions were levied upon the right of way involved. One was against the Georgia Railroad & Banking Company, and was levied on the right of way as the property of that defendant; the other was against the Seaboard Air-Line Railway, and levied on the same right of way as the property of that defendant; and injunction to prevent the sale of the property is sought as against both executions. It is contended by the city attorney that this is really an impersonal execution—an execution in rem; but inasmuch as the lot itself can not file an affidavit of illegality, and inasmuch as the right to file an illegality to such proceeding is statutory, and only authorizes the defendant whose property it is sought to sell to file an illegality, if he does not come within the statute, then the statute does not afford him an adequate relief. In one instance, the assessment is made, the execution issued, and the levy made against the Georgia Railroad and Banking Company, and levied on the property as the property of that company. The statute would not authorize the Seaboard Air-Line Railway to interpose an affidavit of illegality to that execution. Therefore, relatively to that execution, either it must allow the property to be sold for want of a remedy, or it must get a remedy in equity. So that the Seaboard Air-Line Railway, if its contention is right that the sale sought to be made is illegal, has a foothold in equity, at least with respect to the execution which was levied against the Georgia Railroad and Banking Company. Apparently the assessments, the executions, and the levies cover more than the property which is held by the Seaboard Air-Line Railway, and lap over into other property of the Georgia Railroad and Banking Company. Furthermore, there are different levies and different proceedings

to collect, all of which involve the same questions; and as equity has a clear right to take jurisdiction as to a part, under the allegations of the petition, it will do full justice and determine the same questions which are involved in the whole controversy. Conceding, without deciding, that illegality would furnish a complete remedy as to any part of it, yet where equity furnishes a more adequate right and a more adequate remedy, and there is a basis for going into equity as to a part of it, it will not split the controversy and try one piece in equity, remanding to the legal tribunal the same questions as to some other part to be tried under an affidavit of illegality, but will do full and complete justice and determine the whole situation.

3. Under the evidence in this case, we can not say that the trial judge abused his discretion in granting a temporary injunction, preserving the status until the final trial.

*Judgment affirmed. All the Justices concur.*