GEORGIA RAILWAY & ELECTRIC CO. *v.* CITY OF ATLANTA.

PER CURIAM. 1. Where the property of a corporation is proceeded against as the property of another corporation, for the enforcement of a street-improvement assessment against it, the real owners' remedy is by injunction, for the reason that only the party named as defendant can file an affidavit of illegality. *City of Atlanta* v. *Seaboard Air-Line Ry.,* 137 *Ga.* 805 (2), 806 (74 S. E. 268).

2. A description in a levy, to wit: "A certain city lot in the City of Atlanta, ward 9, land lot 13, in the 14th district of Fulton county,

Georgia, fronting 657 feet on the south side of Flat Shoals Avenue between Fair and Stovall Streets, and running back 800 feet more or less in a southerly direction, the house on said lot known as number ——on said street according to street number, the same being vacant property in the City of Atlanta, Ga., adjoining the property of Clark and Wall," is lacking in certainty. The description will cover a rectangle, the north side of which is 657 feet on the south side of Flat Shoals Avenue, the depth of which would be 800 feet in a southerly direction. The vice in the description is that the location of the rectangle is too indefinite. It does not purport to cover all the land between Fair and Stovall streets; nor does it indicate whether the property of Clark and Wall is owned by these persons jointly or separately and on which side of the rectangle their property is adjacent.

3. A street-railway company which owns a right of way on the side of a street in a municipality, which right of way is 30 feet wide and is occupied by a double track, is not exempt from assessment for a sanitary sewer in the street on which it abuts, on the ground that the railway company can not receive any benefit from the improvement so long as its property is subjected to the present particular use. "Benefit to the owner of the real estate assessed, so far as necessary to be passed upon, as well as the necessity or reasonableness of the improvement, being for the determination of the legislature, is concluded by the act authorizing the assessment, and will not be inquired into by the courts unless in extraordinary cases presenting a manifest abuse of authority." *Speer* v. *Mayor &c. of Athens,* 85 *Ga.* 49 (11 S. E. 802, 9 L. R. A. 402); *Ga. R. Co.* v. *Decatur,* 137 *Ga.* 537 (73 S. E. 830, 40 L. R. A. (N. S.) 935); *L. & N. R. Co.* v. *Barber &c. Co.,* 197 U. S. 430 (25 Sup. Ct. 466, 49 L. ed. 819). The present suit does not show such an extraordinary case.

4. A segment of a street-railway located on its own property abutting on a street upon which public improvements have been made, and against which it is sought to enforce an assessment, is, in the absence of statutory authority, not liable to levy and sale, so as to carve a segment out of the railroad-track upon which the levy is made. *Georgia R. Co.* v. *Decatur,* supra.

5. The amendment to the charter of the City of Atlanta (Acts 1912, p. 574, § 15), allowing the sale of a segment of a street-railway company's property for street improvements, is not unconstitutional (1) for the reason that it is lacking in due process of law. If the law is valid the sale is then under process of law, and therefore it can not be said to be void for want of due process of law. (2) Nor for the reason that it is taking private property for public use without just and adequate compensation being first paid therefor. The purpose of the proceeding is not to take the property for public use, but to subject private property to the payment of the expense of a public improvement.

6. "An allegation that a given statute is unconstitutional, in that it violates the constitutional provision which prohibits the passage of a

special law in any case for which provision has been made by an existing general law, which fails to point out the general law which is claimed to cover the same subject as such statute, presents no question for decision by a court." *Sayer* v. *Brown*, 119 *Ga.* 539 (5), 545 (46 S. E. 649); *Edalgo* v. *So. Ry. Co.*, 129 *Ga.* 258 (58 S. E. 846); *Hudson* v. *Jennings*, 134 *Ga.* 373 (67 S. E. 1037).

> *Judgment reversed. All the Justices concur.*
> FEBRUARY 22, 1916.

Equitable petition. Before Judge Bell. Fulton superior court. September 1, 1914.

*Colquitt & Conyers,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.