PHŒNIX MUTUAL LIFE INSURANCE CO. *v.* APPLING COUNTY *et al.*

ATKINSON, J. 1. "Liens for taxes due the State or any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid. . . Such liens for taxes are hereby declared superior to all other liens." Civil Code (1910), § 3333.

2. "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code (1910), § 1140; *Verdery* v. *Dotterer,* 69 *Ga.* 194 (2). This applies to all property returned or held by a taxpayer that is subject to taxation under the constitution of this State.

3. A sale of property under execution issued from a court of competent jurisdiction does not divest the liens of the State or county for taxes. Civil Code (1910), § 1141; *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499); *Planters Warehouse Company v. Simpson,* 164 *Ga.* 190 (138 S. E. 55).

4. "Whenever any person, other than the person against whom the same has issued, shall pay any execution issued for State, county, or municipal taxes, . . the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same, transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer: Provided, said transferee shall have said execution entered on the general execution-docket of the superior court of the county in which the same was issued, and if the person against whom the same was issued resides in a different county, then also in the county of such person's residence, within thirty days from said transfer. And in default thereof such executions shall lose their lien upon any property which has been transferred bona fide and for a valuable consideration before the record and without notice of the existence of such execution." Civil Code (1910), § 1145.

5. "Equity is ancillary, not antagonistic to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." Civil Code (1910), § 4520; *Stuard Lumber Co.* v. *Taylor,* 150 *Ga.* 135 (102 S. E. 894), which was cited and applied in *Citizens & Southern Bank* v. *Union Warehouse &c. Co.,* 164 *Ga.* 735 (4). See also *Brewer* v. *New England Mortgage Security Co.,* 144 *Ga.* 548 (87 S. E. 657).

6. If an owner of realty executes a deed to realty as security for a loan, and continues to hold and return the property with other realty and personalty for taxation by the State and county, and if taxes are allowed to accumulate and remain unpaid, and if the secured debt be reduced to judgment and declared a special lien on the land, and the land be brought regularly to sale under the execution issued upon the

Equity, 21 C. J. p. 195, n. 47; p. 196, n. 59; p. 405, n. 82, 83, 84.
Executions, 23 C. J. p. 562, n. 34; p. 767, n. 59; p. 812, n. 67 New.
Judicial Sales, 35 C. J. p. 79, n. 41.
Pleading, 31 Cyc. p. 81, n. 9, 10.
Taxation, 37 Cyc. p. 1140, n. 12; p. 1142, n. 22, 23; p. 1143, n. 27; p. 1144, n. 33.

judgment, and if the land is bid off by the plaintiff in fi. fa. at a price less than the amount of the judgment, and if tax fi. fas. issue in personam against the owner, based upon his returns of realty and personalty including the land described in the security deed as above mentioned, and if (the county authorities having placed the tax fi. fas. in the hands of the sheriff to be paid out of the proceeds of sale) the sheriff refuses to accept a tender of a sum that would equal the amount of all taxes due on the specific property described in the security deed, arising after record of that deed, together with all costs of court, and to make a deed to the plaintiff in fi. fa. in pursuance of his bid and to enter a credit on the fi. fa. for the amount of the bid,—if all the foregoing occurs, it would be the duty of the sheriff to collect the amount of the bid or a sufficiency thereof to pay the whole of the taxes due; but equity will not, under application of the foregoing principles, compel him to apportion the taxes and accept only the amount that would be apportioned against the specific property described in the security deed, and make a deed to the purchaser on the basis of such apportionment.  The lien for taxes on all taxable property held and returned for taxation by the debtor being dischargable as matter of law from the proceeds of the sale of the specific property, equity would not compel authorities to yield this fund wholly or partially, and incur the risks, inconvenience, and delay in bringing other property of the defendant in fi. fa. to sale.

7. The case differs from *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55 (7 S. E. 546), which was not a suit between the taxing authorities and the holder of a contractual lien to apportion a fund after sale, but was a suit to enjoin a sale and establish priorities between several holders of contractual liens, one of whom was a transferee of tax fi. fas., the validity of the transfer being at issue.

8. On demurrer to a petition, the petition must be construed most strongly against the petitioner.

(a) Allegations that the owner gave to an officer having authority to collect the taxes for a stated year "a check" for a stated amount "in settlement for taxes due for" that year, and that "the receipt for that year was delivered to the said" owner, "being a receipt in full for that year's taxes," was not an allegation of payment of that year's taxes.

(b) Allegations that petitioner's attorney "was informed" by the tax-collector that the county authorities had "credited county taxes for" a stated year "due" by the owner "as paid in full," and "that the information furnished is, to the best of" petitioner's "knowledge and belief, true and correct," do not amount to an allegation of payment of the taxes for that year.

9. Applying the foregoing principles, the judge did not err in dismissing the case on general demurrer to the petition.

*Judgment affirmed.  All the Justices concur, except Hill, J., absent.*

No. 5722.  September 27, 1927.

Equitable petition.  Before Judge Knight.  Appling superior court.  October 15, 1926.

*R. L. Williams Jr.,* for plaintiff.

*Wade H. Watson* and *C. H. Parker,* for defendants.