## BERNSTEIN BROTHERS *v.* BUCKEYE COTTON OIL COMPANY *et al.*

Upon a fund raised by sale on December 7, 1926, under foreclosure of a mortgage dated January 7, 1924, executions for taxes of the year 1925 were entitled to priority of payment on money-rule.

No. 6060.   FEBRUARY 16, 1928.

Claims to fund. Before Judge Hodges. Franklin superior court. April 16, 1927.

*James W. Arnold,* for plaintiffs in error.

*George L. Goode,* contra.

HILL, J. This is a money-rule case wherein Bernstein Brothers as plaintiffs in fi. fa. under a mortgage foreclosure against C. P.

Taxation, 37 Cyc. p. 1145, n. 35.

Ray, defendant in fi. fa., and the Buckeye Cotton Oil Company as transferee of certain tax fi. fas. against C. P. Ray, were claiming priority to the money in the hands of the sheriff arising from the sale of the property under the mortgage fi. fa. The case was submitted to the judge upon all questions of law and fact, without the intervention of a jury. Judgment was rendered as follows: "Bernstein Bros. held a mortgage on the property, dated January 7, 1924, made by C. P. Ray, for the sum of $1,383.22. This mortgage was foreclosed and the property brought to sale under the mortgage execution on December 7, 1926, and the sheriff answers that he now has in his hands as the proceeds of said sale the sum of $859. On the day of the sale and before the sale, Buckeye Cotton Oil Company lodged with the sheriff of Franklin County a tax execution issued by the tax-collector of Franklin County against C. P. Ray, for State and county taxes for the year 1925, amounting to $299.75; also an execution issued by the City of Lavonia against C. P. Ray, for city taxes for the year 1925, amounting $446.25. Each of these executions was duly transferred to Buckeye Cotton Oil Co. by the proper authorities, and entered on the general execution docket of Franklin County within 30 days from the date of such transfers, and upon these Buckeye Cotton Oil Company made demand upon the sheriff for the proceeds arising from the sale of the property. Other executions were lodged with the sheriff by Buckeye Cotton Oil Company, but were withdrawn from consideration on the hearing. In consideration of the law and facts, it is hereby ordered that T. H. Moss, sheriff of Franklin County, pay to Buckeye Cotton Oil Company from the funds in his hands, the proceeds of said sale, the sum of $299.75 principal, $22.75 interest on the execution held by it and transferred by T. H. Moss, sheriff of Franklin County, for state and county taxes; and the sum of $446.25 principal, $33.83 interest on the execution held by it and transferred by J. P. Gant, chief of police of the City of Lavonia, for city taxes for the City of Lavonia; and the remainder of the funds in his hands are hereby directed to be paid to Bernstein Bros. It is further considered and adjudged that if Bernstein Bros. will pay or tender to Buckeye Cotton Oil Co., and obtain a transfer of said executions within thirty days of the date of this judgment, that said fund be awarded to the said Bernstein Bros.; and it is further ordered that the

sheriff hold said funds until the expiration of the said thirty days for the purpose of Bernstein Bros. to exercise the foregoing rights." The exception to this judgment is that it is contrary to the principles of law and equity.

The judgment was not erroneous for the reasons assigned. *Phoenix Mutual Life Ins. Co.* v. *Appling County,* 164 *Ga.* 861 (139 S. E. 674).      *Judgment affirmed. All the Justices concur.*