ARMOUR FERTILIZER WORKS *v.* DURRENCE, sheriff, *et al.*

ATKINSON, J. 1. "Where an owner of property conveys legal title thereto as security for a debt, retention of the equitable interest is such substantial beneficial ownership as will render him liable for the taxes thereon." *Decatur County Building & Loan Asso.* v. *Thigpen*, 173 *Ga.* 363 (3), 365 (160 S. E. 387).

2. Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject. Civil Code (1910), § 1140; *Verdery* v. *Dotterer*, 69 *Ga.* 194 (2). This applies to all property of a taxpayer that is subject to taxation under the constitution of this State. The lien for taxes due the State is against both the owner and his property "regardless of judgments, mortgages, sales, transfers, or incumbrances of any kind." *Decatur County B. & L. Asso.* v. *Thigpen*, supra; *Cason* v. *Aldred*, 175 *Ga.* 256 (165 S. E. 221).

3. The act of 1925 (Ga. L. 1925, p. 118), as amended by the act of 1926 (Ga. L. Ex. Sess. 1926, p. 44), declares, in part, that "where advances either of money or supplies or both are made for the purpose of planting, cultivating, making, or harvesting a crop or crops, the borrower or person to whom such money or supplies shall be furnished may secure the same by a bill of sale to secure debt under section 3306 of the Civil Code of 1910, covering the crop or crops to be grown by him within twelve months from the date of such bill of sale, although such crop or crops may not

be planted or growing at the time of the execution of such bill of sale. . . Such bill of sale shall pass title to the crop or crops covered thereby, and shall not be held or construed to be a mortgage; provided, that the bill of sale herein authorized shall not be construed to be superior to the lien of a landlord for rent and supplies or to a laborer's lien, but shall be superior to a judgment of older date than such bill of sale, and to a mortgage or bill of sale not given to secure the payment of a debt created to aid in making and gathering the particular crop or crops covered by such bill of sale." *Held:*

(*a*) This law does not contemplate a transfer of legal title to a crop of cotton as against liens for state and county taxes. The language expressed in the proviso manifests a legislative intent to deal with the matter of "mortgages" and "judgments" in the ordinary sense as a judgment of a court, and not to create a priority over state and county taxes, the lien of which arises by operation of law.

(*b*) The reasoning employed in *Durden* v. *Aycock*, 13 *Ga. App.* 420 (79 S. E. 213), construing the act of 1899, does not lead to a construction different from that stated above.

4. Under application of the foregoing principles, where tax executions lawfully issued against the owner of a farm for the years 1929 and 1930 were outstanding, and the owner of the farm in February, 1931, executed a bill of sale under provisions of the above-quoted act of 1926, purporting to sell his crop of cotton to be planted and harvested within the next ensuing twelve months, and the cotton crop so produced was put in a warehouse, and receipts therefor issued to the farmer were by him assigned to the holder of the bill of sale who had furnished the fertilizer with which to make the crop, the lien of the tax executions for the years 1929 and 1930 attached to the cotton as the property of the farmer. See *Phœnix Mutual Life Insurance Co.* v. *Appling County*, 164 *Ga.* 861 (139 S. E. 674). Where in these circumstances the cotton was levied on and sold under the tax executions as the property of the farmer, the purchaser acquired title superior to the title conveyed by the bill of sale and assignment of the receipts issued by the warehouse company for the cotton. The judge did not err in refusing a temporary injunction to prevent the officer from delivering the cotton to the purchaser.

*Judgment affirmed. All the Justices concur, except Gilbert, J., who dissents.*

No. 9103. FEBRUARY 21, 1933.

*Hinton Booth,* for plaintiff.

*P. M. Anderson* and *E. C. Elmore,* for defendants.