GRAVES *et al. v.* WALKER *et al.*

No. 11009. JULY 2, 1936.

*John K. Davis* and *C. C. Bunn,* for plaintiffs.
*Mundy & Mundy,* for defendants.

ATKINSON, Justice. A vendor received joint promissory notes of his two vendees, executed a bond for title, and put the vendees in possession of the land. The vendees erected a building on the land. They owned no other property jointly, but each owned other property individually. They returned the joint property for taxation in the joint name, separately from the returns of individual property. All taxes were paid from first to last on individual property, but municipal taxes for the years 1933 and 1934 and state and county taxes for the year 1934 were not paid on the joint property. While the status was as stated, the vendor obtained a judgment on the notes on July 5, 1934. Execution was issued, and for the purpose of levy and sale the vendor executed a quitclaim deed to the realty and caused it to be recorded. The realty was duly sold by the sheriff on September 6, 1934, to the plaintiff in fi. fa., for less than the amount of the judgment, thus leaving a deficiency. There was no announcement at the sale that the property was or was not sold subject to outstanding taxes. The purchaser was city clerk having in charge the receiving of tax returns and collection of taxes, including the issuance of executions against delinquents; but otherwise than by inference there was nothing to show that he had actual notice that the taxes in

question had not been paid. On September 27, 1934, the deficiency was settled by payment of a stated amount. Fi. fas. in personam, based on the joint tax returns for taxes solely on the joint property, were issued by the municipality on November 26, 1933, for the taxes of 1933, and subsequently to the sheriff's sale a similar fi. fa. was issued for the year 1934. On December 21, 1934, also subsequently to the sheriff's sale, a fi. fa. in personam based on the joint tax returns for taxes solely on the joint property was issued by the county tax-collector for state and county taxes for the year 1934. The several tax executions were placed in the hands of the respective levying officers after the sheriff's sale above mentioned. After purchase of the realty at sheriff's sale, and settlement of the deficiency judgment, and resale of the property by the purchaser, and conveyance by warranty deed to a third person, and in order to prevent levy of the tax fi. fas. on the property so purchased, the purchaser paid the respective levying officers the amount of principal and cost due on each fi. fa. (no interest being demanded), received transfers of each fi. fa. by the officers, and caused them to be recorded in the office of the clerk of the superior court. After such transfers the fi. fa. issued by the county tax-collector was levied on individual personalty of the surviving joint maker of the original note; and one of the municipal fi. fas. was levied upon the individual realty of the estate of the other joint maker, since deceased, that had been distributed to certain of his heirs. Before the levy the defendants in fi. fa. pointed out to be levied on the joint property that had been sold at sheriff's sale, but the levying officer refused to levy on it. The surviving joint maker brought suit to enjoin the sale, and for other equitable relief. The heirs at law of the other joint maker intervened as plaintiffs. After commencement of the suit the purchaser paid the levying officers all interest on the taxes, and received from each new transfers of the fi. fas. which he caused to be recorded. The exception is to a judgment dissolving a restraining order and refusing an injunction.

1. "While the public may treat property as belonging either to the maker or the holder of a bond for title when the latter is in possession, yet as between the parties the one receiving the rents or enjoying the use shall be liable for the taxes." Code of 1933, § 92-110: *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55,

64 (7 S. E. 546); *Bank of the University* v. *Athens Savings Bank,* 107 *Ga.* 246 (33 S. E. 34); *Kirk* v. *Bray,* 181 *Ga.* 814, 827 (184 S. E. 733).

2. The lien for all the taxes in question was binding upon all the property in the municipality of the surviving obligee in the bond for title and the estate of the deceased obligee represented by the surviving obligee as administrator, such obligees being holders of the bond for titles in possession and using the property at the time of accrual of the tax, and such lien was superior to the lien of the judgment on the purchase-money notes and was not divested by the sale. Code, §§ 92-5707, 92-5708, 92-5709; *Phœnix Mutual Life Insurance Co.* v. *Appling County,* 164 *Ga.* 861 (139 S. E. 674); *Stephens* v. *First National Bank of Newnan,* 166 *Ga.* 380 (43 S. E. 386); *Decatur County Building & Loan Association* v. *Thigpen,* 173. *Ga.* 363 (160 S. E. 387), and cit.

(*a*) The lien of the tax execution being superior to the lien of the judgment on the notes, and not having been divested by the sale, the purchase of the property at such sale and full payment of the excess due on the judgment did not, as between the purchaser and the taxpayer, accomplish payment of the taxes. Nor did subsequent payment of the taxes by such purchaser to the levying officers holding executions for the taxes accomplish such result, where the payment was not intended to satisfy the executions, and they were duly transferred by the officers to the purchaser in conformity to the statute. Ga. L. 1894, p. 37; Code, § 39-403.

(*b*) The rulings in *Franklin Mortgage Co.* v. *McDuffie,* 43 *Ga. App.* 604 (3) (159 S. E. 599), and *Pan-American Life Insurance Co.* v. *Orr,* 49 *Ga. App.* 257 (175 S. E. 32), will not be applied, wherein it is stated: "The plaintiff can not recover taxes and assessment paid by himself after a sale of the property under the power of sale contained in the deed, and its purchase by himself at such sale, since the defendant would be entitled to credit in the amount of the proceeds of such sale, which must necessarily have been diminished on account of the outstanding incumbrances represented by unpaid taxes and street-improvement assessments, since the purchaser at such sale bought subject to the unpaid and outstanding taxes and assessments."

(c) Neither, as between the purchaser and the taxpayer, did the acceptance of the sheriff's deed executed in pursuance of the purchase, and acquisition of a transfer of the tax execution obtained after the land had been conveyed by the purchaser to a third person, cause a merger of the right to collect the taxes with the title to the land.

(d) The equitable principle known as marshaling securities has no application to a debtor and creditor. *Union Point Ginnery &c. Co.* v. *Harriman National Bank,* 142 *Ga.* 727 (83 S. E. 657). Nor upon reason would it apply as between a taxpayer and the holder by transfer of tax executions issued for state and county taxes and municipal taxes due upon property of the taxpayer. Accordingly taxpayers, as against a transferee of such tax executions issued against them jointly, may not complain of the levy of the execution on their individual properties for taxes accruing on the realty jointly owned by them.

3. The defendants in the execution for city taxes being designated as "Ledbetter and Graves (Estate of L. S. Ledbetter, C. H. Graves, Admr.)," and the execution for state and county taxes being designated as "Ledbetter and Graves," neither of the executions was void on the ground that it was not issued against a person. The case differs on its facts from *Wilson* v. *Eatonton,* 180 *Ga.* 598 (180 S. E. 227), in which the execution was issued against "the estate" of a named person.

4. "Whenever any person, other than the person against whom the same has issued, shall pay any execution issued for state, county, or municipal taxes, or any other execution issued without the judgment of a court, under any law, the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same, transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer: Provided, said transferee shall have said execution entered on the general execution-docket of the superior court of the county in which the same was issued," etc. Ga. L. 1894, p. 37, Code, §§ 39-403, 92-7602.

(a) The words "any person" as used in the foregoing statute are sufficient to include a purchaser at judicial sale had in pursuance of a judgment in favor of such purchaser on promissory

notes executed by the taxpayer in the purchase of the land upon which the taxes subsequently accrued.

(b) The right to pay the tax and receive the transfer may be exercised by the purchaser at sheriff's sale after the judgment has been extinguished by payment.

(c) Where a purchaser as referred to above pays the principal and costs due on the tax fi. fa.; and receives a transfer thereof which he causes to be recorded, the omission to pay interest on the principal amount of the tax may be supplied by subsequent payment of the interest and execution and record of a new transfer to the transferee, which being accomplished, the execution becomes sufficiently transferred.

5. The fact that the transferee of the tax fi. fas. had not caused the execution for municipal taxes for 1934 to be levied would not, when considered in connection with the other facts in the case, require the grant of injunctive relief on the ground of avoidance of a multiplicity of actions. Under the pleadings and the evidence the judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*