RICHARDSON *et al. v.* CITY OF NASHVILLE.

No. 11685. APRIL 14, 1937.

*William Story,* for plaintiff.

*Dorsey, Stubbs & Dorsey* and *H. L. Jackson,* for defendant.

BECK, Presiding Justice. Charlie Richardson, a minor by next friend, and Frank Richardson filed their equitable petition against the mayor, the clerk, and the chief of police or marshal of the City of Nashville, to enjoin them from proceeding with the sale of a certain described city lot under a fi. fa. issued by the clerk for an unpaid paving assessment for the years 1929 to 1935; petitioners alleging that the lot so advertised is now, and was at the time the paving was done, the property of petitioners, but that the fi. fa. under which the city was seeking to sell the lot was issued against another person as owner; that the paving was done by the city without first complying with the requirements therefor as set forth in the city's charter, and therefore that neither petitioners nor their said lot are liable for the payment of the paving assessment which was the foundation for the issuance of the fi. fa.;

that they have no adequate remedy at law, because, not being defendants in fi. fa., they are not authorized to file an affidavit of illegality; and that a sale by the marshal would place a cloud upon their title. The defendants demurred to the petition, on the grounds that it set forth no cause of action; that petitioners are barred by laches, having waited approximately nine years before bringing any action, and that they are barred by the limitation of action contained in section 12 of the act of April 10, 1926, amending the city's charter (Ga. Laws Ex. Sess. 1926, pp. 160-173). The court sustained the demurrer and dismissed the plaintiffs' petition.

The City of Nashville is authorized, under charter provisions in section 3 of an amendment to its charter enacted April 10, 1926, to make street improvements in either one of two ways, to wit: "Whenever the said City of Nashville . . shall deem it necessary to grade, pave, macadamize, drain, or otherwise improve any street, . . said City of Nashville . . shall by resolution declare such work or improvement necessary to be done, and such resolution or ordinance shall be published once a week for two consecutive weeks in a newspaper having a general circulation in the City of Nashville; and if the owners of more than one half of the linear front feet of the land fronting on such improvement and liable to assessment to pay for such improvement . . shall . . not, within fifteen days after the last publication of such resolution or ordinance, file with the clerk of said City of Nashville their protest in writing against such improvement, then said City of Nashville shall have the power to cause such improvements to be made and to contract therefor and to levy assessments as herein provided for. . . Provided, however, that if the owners of the entire linear frontage of land abutting any proposed improvement of any street or part of street . . shall petition the City of Nashville for such improvement desired, . . and express a willingness to pay the entire cost of such improvement, it shall thereupon be the duty of said City of Nashville . . to promptly cause said improvement to be made in accordance with the prayer of said petition, and in such cases the resolution or ordinance hereinbefore mentioned shall not be required." It is alleged, and also admitted in the brief of counsel for the defendants, that a resolution or ordinance declaring the proposed im-

provement necessary to be done, was not passed. The allegation that neither of petitioners nor any one authorized to act for them signed a petition to have the street improved, although at the time the paving was done they were, and still are, the owners of the lot in front of which the paving was laid and for the payment of which the fi. fa. issued in this case, is a positive allegation that the city did not comply with its charter requirements as to paving the street upon the petition of the owners of the entire linear frontage of land abutting the proposed improvement. The defendants in their brief make the following contention: "It is presumed that public officers obey the law in all cases, except where the contrary is alleged and shown. These complainants do not deny in their petition that council acted on a petition purporting at least to bear the signatures of all adjoining landowners, and, not being denied, it may be taken as admitted by these complainants under the presumption stated above." If by the expression here used, "all adjoining landowners," the defendants mean all abutting landowners, or owners of all the land abutting on the improved street, the petitioners do make positive denial that such a petition was made. The petition merely of all landowners whose property adjoined this lot of petitioners would not meet the requirements of the statute. The allegation of the petitioners on this point is amply sufficient as against a general demurrer.

Counsel for the defendants contend that petitioners have an adequate remedy at law, by filing an affidavit of illegality, under section 11 of the charter amendment above referred to, wherein it is provided, in case the city clerk issues an execution for the unpaid assessment and the same is levied by the marshal on the abutting land of the owner who is in default, and proceeds to advertise the same for sale, that "the defendant shall have the right to file an affidavit denying that the whole or any part of the amount for which said execution issued is due, and stating what he admits to be due," etc. Petitioners contend that this is a remedy given only to the defendant in fi. fa., and that they are not defendants in fi. fa. In *Georgia Railway & Electric Co.* v. *Atlanta*, 144 *Ga.* 722 (87 S. E. 1058), it was held: "Where the property of a corporation is proceeded against as the property of another corporation, for the enforcement of a street-improvement assessment against it, the real owner's remedy is by injunction, for the reason

that only the party named as defendant can file an affidavit of illegality." And in *State* v. *Sallade*, 111 *Ga.* 700 (36 S. E. 922), it was said: "An affidavit of illegality is a remedy which lies only in favor of a defendant in execution; and if filed by one who is not a defendant, the court to which the issue thus sought to be made is returned, being without jurisdiction to try it, should dismiss the affidavit of illegality." See also *Leilch* v. *Dublin*, 160 *Ga.* 691 (128 S. E. 889); *Artope* v. *Barker*, 72 *Ga.* 186; *City of Atlanta* v. *Jacobs*, 125 *Ga.* 523 (54 S. E. 534). It follows from what is said above that the petitioners in this case do not have an adequate remedy at law by filing an affidavit of illegality. Another ground of demurrer is that the petitioners are barred, under section 12 of the city charter (Acts 1926, p. 171), from contesting the validity of an assessment after sixty days from the passage of the ordinance making such final assessment. In the first place, it does not appear from the petition just when the ordinance was passed making the assessment here complained of. Besides, it is expressly provided, in section 5 of the city's charter enactment of 1926, that no ordinance making an assessment shall be passed until and unless the city has first complied with the requirements set forth above as preliminary to having the improvements made; and as the petition shows that there was no such compliance by the city authorities, the limitation of action referred to by counsel for defendants is not here applicable. Nor is there merit in the contention that the petitioners are estopped by laches, having waited nearly nine years before bringing this action. The fi. fa. had been illegally issued, and was void; and whenever at any time the lien of the fi. fa. was asserted and there were proceedings to enforce it, it could be attacked upon the ground that it was illegal and unenforceable.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*