37250. WILLIAMS, Revenue Commissioner, *v.* GENERAL FINANCE CORPORATION OF ATLANTA.

DECIDED JULY 16, 1958.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Hugh Gibert, Deputy Assistant Attorneys-General,* for plaintiff in error.

*Smith, Swift, Currie & McGhee,* contra.

TOWNSEND, Judge. ■ The act of 1953 (Ga. L. 1953, Nov. Sess., p. 168) amended three Code sections by making new provisions relating to the respective priorities of tax liens and security deeds. The pertinent portions thereof are here set out, the italicized portions being those added by amendment. Code § 92-5707: "Taxes shall be paid before any other debt, lien or claim whatsoever and the property returned or held at the time of returning them, or thereafter, shall always be subject, *except the title and operation of a security deed shall be superior to the taxes assessed against the owner of property when such tax represents an assessment upon property of such owner other than that property specifically subject to the title and operation of the security deed.*" § 92-5708: "Liens for taxes, whether ad valorem, specific, or occupation, due the State, any county thereof, or municipal corporations therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid. . . . Such liens for taxes are hereby declared superior to all other liens, *except that the title and operation of a security deed shall be superior to the lien for taxes assessed against the owner of property when such lien for taxes represents an assessment upon property of such owner other than that property specifically covered by the title and operation of the security deed.* . ." § 92-8444: "Liens for taxes, whether ad valorem, specific, or occupation, due the State, any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid. . . Such liens for taxes are superior to all other liens. . . *Provided further, that the lien for any ad valorem tax shall not be superior to the title and operation of a security deed when such tax represents an assessment upon property of such taxpayer other than that property spe-*

*cifically covered by the title and operation of a security deed, and that lien of a specific or occupation tax shall not be superior to the title and operation of a security deed title recorded prior to the time the execution for such tax shall have been entered on the general execution docket in the office of the superior court of the county in which the property affected is located."*

(a)   A failure to record a bill of sale to secure debt has the same result as a failure to record a security deed or a deed of bargain and sale.   Code §§ 67-1305 and 29-401.   Under general law, failure to record a security deed does not cause it to lose priority over a subsequent lien created by operation of law as to which it would otherwise be superior.   *Mackler* v. *Lahman,* 196 *Ga.* 535(1) (27 S. E. 2d 35).   Prior to the act of 1953 a tax lien was not divested by judicial sale (*Graves* v. *Walker,* 182 *Ga.* 644, 186 S. E. 820) or by foreclosure (*Phoenix Mutual Life Ins. Co.* v. *Appling County,* 164 *Ga.* 861, 139 S. E. 674; *Bernstein Bros.* v. *Buckeye Cotton Oil Co.,* 165 *Ga.* 680, 141 S. E. 804; *Atlanta Trust Co.* v. *Atlanta Realty Corp.,* 177 *Ga.* 581, 170 S. E. 791; *Armour Fertilizer Works* v. *Durrence,* 176 *Ga.* 519, 168 S. E. 572) regardless of whether the lien was for license and occupation taxes or ad valorem taxes and, if the latter, whether for taxes on the specific property or other property.   The Georgia Sales and Use Tax is not an ad valorem or property tax but is in the nature of license and occupation or excise taxes.   For the distinction see *Head* v. *Cigarette Sales Co.,* 188 *Ga.* 452 (4 S. E. 2d 203); *Forrester* v. *Culpepper,* 194 *Ga.* 744 (22 S. E. 2d 595).   The purpose of the amendment was therefore obviously to protect holders of security deeds and bills of sale to secure debt in certain instances from having the security levied upon because of taxes owed by the owner of the equity in the property, where the taxes were not directly upon the property involved in the security instrument.

(b)   To construe the amendments to Code §§ 92-5707 and 92-5708 as meaning that all tax liens other than ad valorem taxes on the property involved are subordinated to the outstanding security deed on the property sought to be levied on by reason of the tax lien, whether the security deed is recorded or not and whether the tax is ad valorem or not, would put that

part of the act of 1953 in direct conflict with another part of the same act, amending Code § 92-8444, which specifically provides that only ad valorem taxes on property other than the property involved are so subordinated, and that, as to specific or occupation taxes, the tax lien is subordinated only where the security instrument has been recorded prior to the time the tax lien is placed on the execution docket. In construing a statute, the courts will adopt that construction which will give effect to all its provisions, reconcile any apparent conflicts if possible, and preserve the general legislative scheme and intent. *Cason* v. *Harn,* 161 *Ga.* 366 (131 S. E. 88); *Daniel* v. *C. & S. Nat. Bank,* 182 *Ga.* 384 (185 S. E. 696); *Carroll* v. *Ragsdale,* 192 *Ga.* 118 (15 S. E. 2d 210). We find no great difficulty in giving the same meaning to the amendments to Code §§ 92-5707 and 92-5708 as to the proviso on Code § 92-8444 relating to ad valorem taxes, for the reason that all three provisos are dealing with a situation where the "lien for taxes represents an assessment upon property of such owner other than that property specifically covered" by the security instrument. A sales tax is not a property tax and is not *assessed* against the property of the owner. Although both Code §§ 92-5707 and 92-5708 dealt with both kinds of taxes generally, the proviso of the act of 1953 amending these sections dealt only with ad valorem taxes. These Code sections do not purport to change priorities relating to use and occupation taxes. Code § 92-8444 does this, by providing that liens for such taxes are subordinated to the operation of the security instrument only where the latter has been recorded prior to the record of the tax lien on the execution docket.

(c) Since the bills of sale to secure debt were not recorded until after the tax liens had been entered on the execution docket, the amendment to Code § 92-8444 has no application here. Accordingly, since the automobiles involved were the property of Spray-Welborn Motors, Inc., at the time that corporation became liable for the tax, the fact that General Finance Corporation foreclosed on the property and purchased it at the foreclosure sale did not divest the tax lien, and it was proper for the State

to levy the execution upon the property then in the possession of the defendant in error.

■ "An affidavit of illegality is a remedy which lies only in favor of a defendant in execution; and if filed by one who is not a defendant, the court to which the issue thus sought to be made is returned, being without jurisdiction to try it, should dismiss the affidavit of illegality." *State of Georgia* v. *Sallade,* 111 *Ga.* 700 (36 S. E. 922); *Walker* v. *Equitable Mortgage Co.,* 112 *Ga.* 645 (37 S. E. 862); *Tanner* v. *Wilson,* 183 *Ga.* 53 (2) (187 S. E. 625); *Richardson* v. *City of Nashville,* 184 *Ga.* 300 (191 S. E. 121); *Ga. Ry. & Electric Co.* v. *City of Atlanta,* 144 *Ga.* 722 (87 S. E. 1058). Since the levy here was made upon the automobiles described in the tax execution as the property of Spray-Welborn Motors, Inc., the court had no jurisdiction of the affidavit of illegality tendered by General Finance Corporation, a third party to the fi. fa., and the proper judgment would have been to dismiss the affidavit.

The trial court erred in vacating the levy.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*