## 58853. HEAD v. H. J. RUSSELL CONSTRUCTION COMPANY, INC.

BANKE, Judge.

The appellant sued his former employer, H. J. Russell Construction Company, Inc., for damages for alleged violations of Section 7 (a) (1) of the Federal Fair Labor Standards Act (29 USC § 207 (a) (2)). The basis of his complaint was that he had not received overtime pay for overtime work as required by the Act. As a prerequisite to invoking the federal statute, the appellant was required to show that the appellee was "an enterprise engaged in commerce or in the production of goods for commerce." 29 USC § 207 (a) (1), supra. The only evidence which he was prepared to offer on this point was the deposition of the

appellee's president, Herman Russell, who was not present at the trial and had not been subpoenaed. The trial court sustained the appellee's objection to the introduction of the deposition and, since there was no other evidence on the interstate commerce issue, granted the appellee's motion for directed verdict. *Held:*

The deposition was clearly admissible under Subsection 2 of Code Ann. § 81A-132 (a) (CPA § 32 (a) (2)) (Ga. L. 1966, pp. 609, 644; 1972, pp. 510, 521), which provides, in pertinent part, as follows: "The deposition of a party or of anyone who, at the time of taking the deposition, was an officer, director, or managing agent . . . of a public or private corporation . . . which is a party may be used by an adverse party *for any purpose.*" (Emphasis supplied.) Division 6 of *Bldg. Assoc., Inc. v. Crider,* 141 Ga. App. 825 (234 SE2d 666) (1977), cited by the appellee for the proposition that the witness must be shown to be unavailable before his deposition can be used, is inapposite. That case dealt with the deposition of a non-adverse party and was based on Code Ann. § 81A-132 (a) (3).

The appellee urges that § 81A-132 (a) (2) and § 81A-132 (a) (3) conflict and the Subsection (a) (3) must control because the latter by its terms applies to "[t]he deposition of a witness, *whether or not a party* . . ." (Emphasis supplied.) We disagree. Subsection (a) (2) clearly and specifically applies to the deposition of an *adverse* party while Subsection (a) (3) does not. Thus, we interpret Subsection (a) (3) to be an expansion of the provisions of Subsection (a) (2) rather than a contradictory restriction. This is in keeping with the rule that a statute shall be construed so as to give full force and effect to all of its provisions and so as to reconcile any apparent conflicts. *Williams v. General Fin. Corp.,* 98 Ga. App. 31, 35 (104 SE2d 649) (1958); *Undercofler v. Capital Auto. Co.,* 111 Ga. App. 709, 716 (143 SE2d 206) (1965). It is also in keeping with the construction which has been given Rule 32 (a) of the Federal Rules of Civil Procedure, which is almost identical to Code Ann. § 81A-132 (a). See Rule v. International Assoc. of Bridge &c. Ironworkers, 568 F2d 558 (8th Cir. 1977); 4A Moore's Federal Practice § 32.05 [1].

*Judgment reversed. Quillian, P. J., and McMurray,*

*P. J., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED JANUARY 7, 1980.

*Fred A. Gilbert, Leonard S. Luckett,* for appellant.
*David J. Bailey,* for appellee.