A89A1519. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. JAH et al.
(387 SE2d 447)

SOGNIER, Judge.

Georgia Farm Bureau Mutual Insurance Company (GFBMIC) sought a declaration of its obligations under a policy of automobile insurance it issued to Fatou Jah in regard to claims made by the insured's brother, Alhagi Jah, and cousin for no-fault benefits. The trial court granted Alhagi Jah's motion for summary judgment and denied the motion made by GFBMIC. The insurance company appeals.

We affirm. The record in this case reveals that appellee's sister was the named insured in an automobile policy issued by appellant and that appellee was a resident in the insured's home at the time of the automobile accident on March 17, 1987. Thus, under OCGA § 33-34-2 (5), appellee was "insured" for purposes of the no-fault statute. Furthermore, under OCGA § 33-34-2 (5) it is not relevant whether the

vehicle appellee was occupying at the time of the accident, a Honda owned by the insured and driven by appellee with her permission, was insured at that time or whether appellee's sister had cancelled the coverage and transferred the policy coverage to her newly purchased Nissan automobile prior to the accident, since the statute provides that "[t]he term ["insured"] shall also include the named insured, . . . and any resident relative while . . . occupying . . . a motor vehicle when such motor vehicle is not similarly insured as required by [OCGA § 33-34-4 (a) (2).]" Even assuming the Honda did not have the minimum coverages (i.e., was not "similarly insured") as required by OCGA § 33-34-4, under OCGA § 33-34-7 (a) (1) appellant was nevertheless required to pay appellee basic no-fault benefits for the "[a]ccidental bodily injury sustained" by appellee, the relative of the insured and a resident of the insured's household, "while occupying *any* motor vehicle . . . ." (Emphasis supplied.)

The only exceptions to appellant's responsibilities to pay no-fault benefits in a case such as this are set forth in OCGA § 33-34-7 (b), which provides "[b]asic no-fault benefits shall not be payable to or on behalf of any person who sustains accidental bodily injury: (1) While voluntarily occupying a motor vehicle known by him to be stolen; (2) While occupying a motor vehicle owned by such person which is not insured for the benefits required by this chapter; (3) Due to war . . .; or (4) Resulting from the explosion of any nuclear device." The record is uncontroverted that appellee was occupying a motor vehicle owned by his sister and driven by him with her permission, which was involved in a routine automobile accident unrelated to war or nuclear explosion. Thus no question of fact exists that none of the exceptions in the Georgia Motor Vehicle Accident Reparations Act absolving an insurer such as appellant from the payment of no-fault benefits to a relative of an insured residing in the insured's household is applicable in the case sub judice, and appellee was entitled to summary judgment as a matter of law.

Although the four enumerated exceptions in OCGA § 33-34-7 (b) provide appellant with no grounds to deny appellee's claim, appellant argues that a fifth exception can be deduced from the language in OCGA § 33-34-12, and that this court should judicially engraft this fifth exception upon OCGA § 33-34-7 (b) either because the Legislature intended but inadvertently failed to include this proposed exception therein or because public policy grounds demand it be so added. Relying upon our creation of this new exception, appellant argues material questions of fact remain whether appellee knew that the automobile he was driving was uninsured.

Appellant's proposed exception is derived from language in OCGA § 33-34-12 which makes it a crime for "any person" knowingly to operate a motor vehicle lacking effective insurance under the Act.

Appellant argues that because one part of the Act imposes criminal penalties on "any" person who knowingly operates an uninsured vehicle, the four exceptions in OCGA § 33-34-7 (b) detailing those persons "penalized" by the circumstances detailed therein from recovering no-fault benefits must be expanded to absolve an insurer from paying such benefits to "any" person knowingly occupying an uninsured vehicle, regardless whether or not that person owns the uninsured vehicle, as provided in OCGA § 33-34-7 (b) (2).

It is well established that where the language of an act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. *Dixie Constr. Prods. v. Southeastern Council &c. Ins.*, 183 Ga. App. 101, 102 (357 SE2d 831) (1987). The meaning, purpose, and intent of the Legislature in enacting OCGA § 33-34-7 (b), setting forth the four exceptions under which an insurer like appellant is absolved from paying no-fault benefits to an insured, could not be plainer or more unambiguous. It does not follow from the fact that the Legislature made it a misdemeanor for any person knowingly to operate an uninsured motor vehicle that the Legislature likewise intended to eliminate from entitlement to no-fault benefits all those persons who operate uninsured motor vehicles not owned by them and who are thus not responsible for the absence of the required coverage. We will not construe these statutes to be inconsistent or in conflict with each other. See generally *Head v. H. J. Russell Constr. Co.*, 152 Ga. App. 864, 865 (264 SE2d 313) (1980). It thus appears that appellant's proposed exception cannot be engrafted upon the plain language of the Act under an application of any rule of statutory construction. Further, appellant's invitation to this court to create that exception judicially must be declined as such matters are better addressed to the Legislature. It therefore follows that we need not address appellant's argument that questions of fact exist whether appellee knew the automobile he was driving at the time of the accident was uninsured.

Accordingly, appellee was entitled to summary judgment, and we find no error in the trial court's grant of summary judgment in favor of appellee and the denial of appellant's motion. See generally *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327, 330 (373 SE2d 36) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1989 —
REHEARING DENIED OCTOBER 12, 1989 — ■

*Fain, Major & Wiley, Charles A. Wiley, Jr., John K. Miles*, for appellant.

*Smith & Polstra, Keith A. McIntyre,* for appellees.